[No. 268. Decided July 10, 1891.]

## *Ex parte* C. S. JONES.

CRIMINAL LAW — APPEAL — CUSTODY OF PRISONER.

Under Laws 1891, p. 350, §§ 40, 41, when a defendant convicted in a criminal action gives notice of appeal, he is entitled to remain in the county jail pending appeal, if he cannot procure bail, in a bailable offense, and ought not to be transported to the penitentiary.

The sheriff of the county where the prisoner was tried is his rightful custodian, and the warden of the penitentiary should, upon demand, deliver the prisoner to the sheriff.

*Original Application for Habeas Corpus.*

*John C. Stallcup,* for petitioner.

The opinion of the court was delivered by

STILES, J. — The petitioner was convicted of the crime of grand larceny in the superior court of Pierce county, and on the 24th day of June, 1891, was sentenced to be imprisoned in the state penitentiary at Walla Walla for the term of three years. He immediately gave notice of an appeal to this court, and his bail was fixed at $5,000. But on the next day he was transported to Walla Walla, and delivered to the custody of the warden of the penitentiary, where he has since been confined. He seeks, by a writ of *habeas corpus*, to be released from the custody of the war-

den. By § 40 of the act of March 9, 1891 (Laws 1891, p. 350), an appeal by the defendant in a criminal action stays the execution of a judgment of conviction. By § 41 of the same act, upon giving the bail to be fixed by the court, this petitioner was entitled to be released entirely from confinement until the determination of his case on appeal. In the mean time his notice of appeal entitled him to remain in the county jail if he did not procure bail.

It appears that there is some question as to the authority of the warden to return the prisoner to the jail of Pierce county, but there is no question about that of the sheriff of Pierce county, who is his rightful custodian, to go and get him and return him there. Therefore the order will be that the warden, upon demand of the sheriff of Pierce county, within five days after service of the order upon him, deliver the prisoner to the sheriff, and that, in default of such demand, the warden release and discharge him forthwith. A copy of the order to be forthwith served on the sheriff.

ANDERS, C. J., and DUNBAR, SCOTT, and HOYT, JJ., concur.