[No. 4085.   Decided October 26, 1901.]

*In the Matter of the Application of* WILLIAM NORRIS and JAMES MACDONALD *for Writ of Habeas Corpus.*

CRIMINAL LAW — STAY OF EXECUTION EFFECTED BY APPEAL.

Under Bal. Code, § 6529, which provides that "an appeal by a defendant in a criminal action shall stay the execution of the judgment of conviction," a defendant who has been transported to the penitentiary and delivered to the warden under a judgment of conviction is entitled, where he gives notice of appeal subsequent to his imprisonment in the penitentiary, to be returned to the jail of the county in which he was convicted, and there detained, or released on bail, if the offense be bailable, pending the determination of his appeal.

*Original Application for Habeas Corpus.*

*Frank B. Wiestling,* for petitioners.

*W. B. Stratton,* Attorney General, *H. B. Cooley* and *Oscar Cain,* for respondent.

PER CURIAM.—The petitioners were convicted of the crime of burglary in the superior court of Snohomish county, on the 20th day of July, 1901, and were sentenced to be imprisoned in the state penitentiary at Walla Walla for the period of seven years. On the 22d day of July, 1901, the commitment on said sentence was made out by the clerk of the said superior court, and the petitioners were transported to the penitentiary in Walla Walla, delivered to the warden of said penitentiary, and were then and are now confined in said penitentiary at hard labor. On the 6th day of September, 1901, an appeal to this court was taken by said petitioners.

No question is raised as to the sufficiency of the appeal. The petitioners seek by a writ of habeas corpus to be released from the custody of the warden and returned to the county jail of Snohomish county, the petition being based upon § 6529, Bal. Code. The statute provides that an appeal by a defendant in a criminal action shall stay the execution of the judgment of conviction. It was decided by this court in *Ex parte Jones,* 2 Wash. 551 (27 Pac. 172), that, under said statute, when a defendant was convicted in a criminal action and gave notice of appeal, he was entitled to remain in the county jail pending appeal, if he could not procure bail, in a bailable offense, and ought not to be transported to the penitentiary; and the order was made in that case for the return of Jones to the county jail of Pierce county, which was the county in which he was convicted. It is, however, contended by the attorney general and the prosecuting attorney of Snohomish county that the statute cited does not apply to a case where the notice of appeal is given after

the defendant has been transported to the penitentiary, but we do not think this distinction can be made. The provision of the statute seems to be comprehensive, as well as plain, and provides, without qualification as to time when the appeal is taken, that the appeal shall stay the execution of the judgment of conviction. It is also insisted by the learned attorney general and the prosecuting attorney that there is nothing to stay in this case, as the execution has already been carried into effect by the sending of the petitioners to the penitentiary; but it seems to us that the detaining of the petitioners in the penitentiary by the warden is carrying into execution the judgment of conviction.

The order will, therefore, be that the sheriff of Snohomish county shall repair forthwith to the penitentiary at Walla Walla and make demand upon the warden thereof for the bodies of the prisoners; that the warden, upon the demand of the said sheriff, shall deliver the prisoners to the said sheriff, and that, in default of such demand, the warden release and discharge the prisoners after the expiration of ten days from the time of the service of this order upon the sheriff, a copy of the order to be forthwith served upon the sheriff and proof of such service served upon the warden.