[No. 2047-1.    Division One.    December 10, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR PERRY, *Appellant*.

*Richard B. Sanders*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Charles E. Yates, Deputy*, for respondent.

HOROWITZ, J.—Defendant Arthur Perry appeals his conviction after jury trial for violating the Uniform Controlled Substances Act—possession of heroin with intent to deliver. He appeals. We affirm.

The controlling facts are these. On August 11, 1972, Seattle police officers served a warrant on defendant to search apartments No. 203 and 204 and a storage closet near the main entrance of the Royal Crest apartment house, 1820 24th Avenue, Seattle. The defendant owned and managed the building and resided in apartment No. 203. At the time of the search, the defendant stated that he had the only key to apartment No. 204.

As a result of the search of apartment No. 203, a condom and a balloon were found. Both contained a residue of a substance which when tested was found to have been consistent with heroin but was of insufficient quantity to positively identify. While searching apartment No. 204, the officers found balloons and spoons containing heroin, a tightly wrapped condom also containing heroin, a paper bag containing receipts and other papers bearing the defendant's name, and a sawed-off shotgun. The defendant's receipt book was also found. Officer Murphy testified that he was not sure whether the receipt book was taken from apartment No. 203 or 204, but understood it to have come from apartment No. 204 since it was packaged with the other items taken from that apartment. Each of the items found, with the exception of the shotgun, was admitted into evidence. Defendant testified that apartment No. 204 had been vacant for 3 weeks since the last tenant moved out, and he

did not know that the heroin found was in the vacated apartment.

The defendant was sentenced upon conviction to 20 years in prison—double the normal sentence—because of a prior conviction in a drug-related offense on appeal at the time of sentencing. Defendant's appeal in this case followed.

■ Defendant contends the court erred in denying his motion to dismiss the state's case because of insufficient evidence of constructive possession of the heroin to go to the jury. We are not called upon by defendant to determine the sufficiency of evidence concerning his "intent to . . . deliver" and, accordingly, limit ourselves ' to the issue of constructive possession. RCW 69.50.401 makes it unlawful "for any person to . . . possess with intent to . . . deliver, a controlled substance." Heroin is such a substance. RCW 69.50.204(c)(10). We are called upon here to apply the word "possess" in the sense intended by the legislature. *See generally* R. Dias, *Jurisprudence* 333-60 (3d ed. 1970); G. Paton, *A Text-Book of Jurisprudence* 499-534 (3d ed. D. Derham 1964).

The possession prohibited by RCW 69.50.401 is either possession or custody in fact, or possession in law, *i.e.,* constructive possession. Defendant argues he had neither possession in fact nor in law of the heroin found in apartment No. 204, first, because he had no dominion and control over the heroin, and, secondly, because he had no actual knowledge of its presence in that apartment. We find neither argument persuasive. Constructive possession means "that the one not in actual possession still has dominion and control over the goods." *State v. Cabigas,* 3 Wn. App. 740, 743, 477 P.2d 648 (1970). The court in *State v. Callahan,* 77 Wn.2d 27, 30-31, 459 P.2d 400 (1969), after reviewing the Washington cases on constructive possession, concluded "that in each instance there is evidence that the defendant was in dominion and control of either the drugs or the premises on which the drugs were found." In the course of its opinion, the court in *Callahan* summarized the

162

holding in *State v. Weiss,* 73 Wn.2d 372, 438 P.2d 610 (1968), as follows:

We held that there was sufficient evidence of the defendant's dominion and control over the premises to. find him guilty of constructive possession of the marijuana found in the living room of the house although the defendant denied any knowledge of its presence.

*State v. Callahan, supra* at 30. *See also State v. Parent,* 123 Wash. 624, 212 P. 1061 (1923); *State v. Dodd,* 8 Wn. App. 269, 505 P.2d 830 (1973); *State v. Potts,* 1 Wn. App. 614, 464 P.2d 742 (1969). The evidence here showed defendant was purchasing the Royal Crest apartment house and was managing it from apartment No. 203 occupied by him. He had the only key to apartment No. 204 across the hall from apartment No. 203. The evidence described was sufficient to raise a rebuttable presumption of dominion and control of the contents of apartments No. 203 and 204.

█ Defendant also contends the state failed to prove he had constructive possession of the heroin in apartment No. 204 because the state failed to prove he actually knew of the heroin. Whether such knowledge need be proved to establish an intent to deliver the object constructively possessed is a separate matter neither argued nor presented for decision. The state relied upon the presumption of possession of the heroin arising from its proof defendant had dominion and control of the premises on which the heroin was found. The presumption necessarily covered the constituent elements making up the constructive possession, namely, custody and intent to possess. The intent to possess may be a general intent without actual knowledge of the existence of the object possessed. J. Salmond, *Jurisprudence* § 97, at 300 (7th ed. 1924), explains the intent to possess

need not be specific, but may be merely general. That is to say, it does not necessarily involve any continuous or present knowledge of the particular thing possessed or of the possessor's relation to it. A general intent with respect to a class of things is sufficient (if coupled with the necessary physical relation) to confer possession of the individual objects belonging to that class, even though

their individual existence is unknown. Thus I possess all the books in my library, even though I may have forgotten the existence of many of them. . . . So I have a general purpose to possess my flocks and herds, which is sufficient to confer possession of their increase though unknown to me. So if I receive a letter, I have forthwith the *animus possidendi* with respect to its enclosure; and I do not first acquire possession of the cheque that is inside it, when I open the envelope and see it . . .

*See also* J. Salmond, *Jurisprudence* § 53, at 278-79 (12th ed. P. Fitzgerald 1966), cited in *State v. Cabigas, supra.*

■ In Washington, when the crime charged is possession of prohibited drugs, the charge is proved without the necessity of proving defendant's knowledge of the existence of the drugs deemed possessed. *State v. Singleton,* 9 Wn. App. 327, 511 P.2d 1396 (1973); *State v. Dodd, supra.* It is true defendant may affirmatively defend against the charge by showing the possession ascribed to him was unwitting, or the duration of that possession was so momentary that it could not be fairly said the defendant had an intent to possess. *See State v. Gerke,* 6 Wn. App. 137, 491 P.2d 1316 (1971). The fact that an unwitting or momentary possession is a defense suggests that knowledge of the existence of the subject matter is in fact an ingredient of constructive possession regardless of the order of proof. However, being an affirmative defense, it is one which if not believed does not serve to rebut the presumption of possession on which the state relies. *State v. Dodd, supra.* With a presumption in the case, the state's case of constructive possession is prima facie made out—and this without the necessity of proving actual knowledge of the thing possessed.

Assuming arguendo actual knowledge of the heroin must be shown before constructive possession of the heroin may be said to exist, there is sufficient circumstantial evidence from which the jury could find defendant had the required actual knowledge. Defendant had the only key to apartment No. 204; the apartment was vacant for 3 weeks prior to the time the officers discovered the heroin in that apartment; there is no evidence anyone broke into the apartment

during that period of time; the paper bag containing receipts and other papers bearing the defendant's name, and defendant's receipt book were found in that apartment; defendant, although testifying, did not disclaim ownership of a sawed-off shotgun found in that same apartment. The 3-week period between the date the prior tenant left and the date the heroin was discovered by the officers, especially when considered together with the other circumstances described, was a period long enough from which the jury could reasonably infer defendant knew of the existence and presence of the heroin. *See State v. Gerke, supra.*

Defendant inferentially suggests the heroin was left in the apartment by the prior tenant. However, the jury were not compelled to draw that inference. The heroin had substantial value. The jury could have believed the tenant would not have left the heroin behind when his tenancy terminated; that if the heroin had been secreted by the tenant in the hem of the curtain, the tenant would have found some excuse to come back to regain the heroin, surreptitiously or otherwise. There is no evidence he did so.

The state having made a prima facie case of constructive possession, the court correctly instructed the jury the defendant had the burden of going forward with evidence to show his constructive possession was an unwitting or lawful one. Instruction No. 7. Until the prima facie case of constructive possession was overcome, it remained in the case. *See* instruction No. 4; *State v. Morris,* 70 Wn.2d 27, 422 P.2d 27 (1966); *State v. Dodd, supra; State v. Tretton,* 1 Wn. App. 607, 464 P.2d 438 (1969). By finding defendant guilty, the jury must have found defendant was in constructive possession of the heroin and did not find defendant's claim to the contrary persuasive.

Defendant assigns error to instructions given and refused on constructive possession. Instruction No. 8 reads:

> Possession of narcotic drugs may be either actual or constructive. Actual possession occurs when the drugs are found to be in actual, physical custody of the person

charged with possession. Constructive possession occurs when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs were found.

Defendant contends the instruction is erroneous because it includes dominion and control of the premises upon which the drugs were found as a basis for finding constructive possession. The instruction correctly states the law. *State v. Callahan, supra; State v. Weiss, supra.*

Defendant's proposed instruction No. 5 on constructive possession was properly rejected. The instruction erroneously eliminated the element of dominion and control over the premises on which the drugs were found as a basis for finding constructive possession of the drugs.

The court properly refused instruction No. 6 because its substance was sufficiently given in instructions No. 4, 5, 8 and 13 dealing with the burden of proof, circumstantial evidence, and constructive possession.

Proposed instruction No. 6 included a statement that

Legal title to a structure in which an item is found is not sufficient in itself, without more, to sustain a finding . . . [of] possession of the particular item . . .

We find no prejudice. Instruction No. 8 sufficiently stated the circumstances when constructive possession could be found. That instruction made it unnecessary to state that under one particular circumstance constructive possession could not be found. *See also State v. Tretton, supra.*

■ The court did not err in refusing defendant's proposed instruction No. 9. It reads:

When you consider whether or not the defendant was in possession of heroin, you may only consider the heroin found in apartment 204 because the state has not proved beyond a reasonable doubt that heroin was present in any other place.

We find no prejudice. Other instructions, including those dealing with circumstantial evidence, presumption of innocence, and burden of proof, enabled defendant to fully argue the theory stated in his proposed instruction No. 9.

*See State v. Etheridge*, 74 Wn.2d 102, 110, 443 P.2d 536 (1968). Moreover, with adequate instructions in the case on the issue of constructive possession of heroin, it would not have added clarity to the statement of the law contained in those instructions to then instruct that in considering the issue of "possession of heroin" the jury could "only consider the heroin found in apartment 204." If that instruction were literally applied because of the use of the word "only," the jury would be required to ignore circumstantial evidence of constructive possession, *e.g.*, defendant's undisturbed dominion and control over apartments No. 203 and 204 and their respective contents achieved as to apartment No. 204 by means of defendant's possession of the only key thereto during the 3-week period preceding the discovery of heroin therein. What proposed instruction No. 9 apparently meant was "the only heroin the jury might consider was the heroin found in apartment 204." Other instructions were sufficient to enable the jury to so find.

■■ Defendant, however, contends exhibits No. 2, 3, 8 and 9, containing evidence found in apartment No. 203 when the police officer searched that apartment pursuant to his search warrant, were irrelevant and should not have been admitted. Exhibits No. 2 and 3, a condom and balloon, respectively, commonly used by heroin dealers as a vessel for heroin, contained a substance insufficient in amount to permit conclusive chemical analysis, but sufficient to show the substance was compatible with the substance of heroin. The relevancy of evidence is for the trial court's determination. *State v. Grant*, 9 Wn. App. 260, 511 P.2d 1013 (1973). Unlike *State v. Bowman*, 8 Wn. App. 148, 151, 504 P.2d 1148 (1972), on which defendant relies, the trial court was not required to say the evidence admitted "had no bearing on the crime with which the defendant was charged." Exhibits No. 8 and 9 were six "Lilly" capsules, with no later showing they contained heroin. These exhibits do not support the charge, but in light of the other admissible evidence of guilt in the record, we cannot say the admission of these

exhibits constituted prejudicial error. *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968).

Defendant contends the court erroneously admitted evidence that the officer, on searching apartment No. 204, found a shotgun and a receipt book (exhibit No. 19). It is argued that the crime charged was not the possession of a sawed-off shotgun, and that reference to the shotgun was inflammatory. Defendant had made a motion *in limine* to suppress the evidence of the shotgun in apartment No. 204. The court had expressed the opinion that the shotgun was a circumstance admissible on the issue of whether the defendant was a dealer in controlled substances, it being arguable the shotgun was kept by defendant as protection in an illegal business. The state informed the court it had not yet determined to use the evidence concerning the shotgun, but that if it decided to use it, it would first notify the court. The court invited defendant to submit additional authorities on the admissibility of evidence concerning the shotgun. Defendant did not do so.

■ During the deputy prosecutor's direct examination of the police officer who searched apartment No. 204, he asked what the officer found in the room as a result of the search. Defendant did not object to the question. The questions and answers were as follows:

Q: Did you search the total apartment?
A: Yes, I did.
Q: What was the result of your initial search of the apartment?
A: In the bedroom there in that closet area which I drew in I found a sawed-off shotgun on the floor of the closet.

Defendant did not move to strike the answer, nor did he request the court to instruct the jury to disregard the evidence. There was no further reference in the case to the shotgun nor, as the state's brief states without contradiction by the defendant, was the shotgun referred to in argument to the jury. We find no reversible error. The fact that the gun was found in apartment No. 204 is a circumstance

supportive of the state's charge, permitting the state to argue defendant was a dealer in controlled substances and needed the shotgun for protection in a business not protected by police. Furthermore, the fact that defendant did not object to the question, nor move to strike the answer, nor move to have the jury instructed to disregard the answer, permitted the court to conclude defendant was no longer contending the evidence was irrelevant and inadmissible. Assuming arguendo the evidence was inadmissible, defendant, by not taking any of the steps described to eliminate the prejudice claimed, failed to preserve the right to rely upon the claimed error upon appeal. *State v. Berkins*, 2 Wn. App. 910, 471 P.2d 131 (1970).

Defendant contends the court erred in admitting exhibit No. 19, the receipt book, because, defendant argues, the identification was inadequate. We do not agree. The defendant specifically testified in response to the court's question prior to the admission of the exhibit as follows:

Q: Officer Murphy, did I understand you to say that you understood this Exhibit 19 was confiscated by you out of Apartment 204?
A: I believe so.
Q: You so testify?
A: I believe it was, your Honor.

It is true the witness testified to his belief in the truth of his answer. The court had a right to treat the answer as sufficient. *See Breimon v. General Motors Corp.*, 8 Wn. App. 747, 763, 509 P.2d 398 (1973) (concurring opinion).

Defendant finally contends the court should not have treated a prior conviction in a drug-related offense as a basis for increasing his sentence pursuant to RCW 69.50.408 because the prior conviction was on appeal at the time the sentence was imposed in the instant case. RCW 69.50.408 provides in part:

(a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

RCW 9.95.062 provides in part:

An appeal by a defendant in a criminal action shall stay the execution of the judgment of conviction.

Defendant argues that the phrase "stay the execution of the judgment of conviction" precludes the court from giving the prior judgment any doubling effect for purposes of increasing the sentence of the second offense pursuant to RCW 69.50.408. We do not agree. The purpose of RCW 69.50.408 is to discourage the commission of a second violation of the Uniform Controlled Substances Act. The purpose of RCW 9.95.062 is to protect an appealing defendant who claims to have been erroneously convicted from serving a possibly undeserved sentence. The statute, however, neither in language nor in purpose, is intended to vacate or suspend the judgment of conviction pending appeal; nor is the judgment of conviction reviewable de novo on appeal as in the case of an appeal from a conviction by a justice court. *See State v. Zounick,* 133 Wash. 638, 234 P. 659 (1925). RCW 9.95.062 treats the first judgment of conviction as a completed offense whether or not an appeal is pending. *See Rogers v. United States,* 325 F.2d 485, 487 (10th Cir. 1963). The statute stays only "the execution" of the judgment of conviction. It does not stay the operative effect of that judgment for all purposes.

Affirmed.

SWANSON, C.J., and CALLOW, J., concur.

Petition for rehearing denied February 14, 1974.

Review denied by Supreme Court April 30, 1974.