[Nos. 5016–5–III; 4841–1–III.   Division Three.   July 26, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN WESLEY KELLER, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. PAUL E. VINELLI, *Appellant.*

*E. Bronson Potter* and *Whitlock, Potter & Saunders,* for appellant Keller.

*Edward Shamek, Jr.,* for appellant Vinelli.

*L. E. Hanson, Prosecuting Attorney,* for respondent.

MUNSON, J.—John Keller and Paul Vinelli each appeal convictions for possession of a controlled substance, RCW 69.50.401(d),[1] and manufacture of a controlled substance,

---

[1]RCW 69.50.401(d):

"It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a crime, and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both, except as·provided for in subsection (e) of this section."

RCW 69.50.401(a),[2] arising out of the same search on May 13, 1981. They contend the trial court erred in refusing to suppress the evidence: marijuana. We reverse and order the evidence suppressed.

The following events occurred prior to Mr. Keller's and Mr. Vinelli's arrests for the present charges and provide the necessary background to this appeal. On October 18, 1979, Mr. Keller was found guilty of delivery of a controlled substance. At the sentencing hearing on March 24, 1980, granting probation, the following exchange occurred:

THE COURT: I'm inclined to follow the recommendation, counsel, just as it is made by the Adult Probation and Parole officer.

. . .

I will impose the search and the polygraph examination on the requirement of the probation officer. Counsel, if you don't feel the probation officer has justification, he has a right to have that reviewed by the Court; no alcoholic beverages to excess, and $250.00 drug investigation fund payment.

I assume you will want, since you filed a Notice of Appeal, you will want bond set.

MR. POTTER: Yes, sir.

. . .

THE COURT: All right. The bond will be continued for Mr. Keller pending appeal; same terms and conditions of release, except he will be under supervision during the terms of the release—as part of his terms of release pending appeal. Are you following me?

The judgment and sentence were entered May 27, 1980. Sentence was suspended; Mr. Keller was placed on probation subject to conditions. One of the conditions of probation was: "Defendant shall submit to a search of residence, person and vehicle upon request of his supervising probation officer".

Subsequent to this sentencing, Mr. Vinelli moved into a

---

[2]RCW 69.50.401(a):

"Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

shack adjacent to Mr. Keller's home. On May 13, 1981, while Mr. Keller's appeal was pending,[3] a probation officer, together with five deputy sheriffs, went without a warrant to search the Keller residence. During the course of the search, the defendants arrived. An officer removed a baggie of what appeared to be marijuana from the drawer of a cabinet, and Mr. Vinelli stated that everything in the cabinet belonged to him. Marijuana was also found in the adjacent shack. Numerous potted marijuana plants were found in another shack and in a Jeep, both owned by Mr. Keller. Defendants Keller and Vinelli were arrested and jointly charged; however, the cases were tried separately and each was found guilty by a jury.[4] The defendants' motions to suppress the evidence were denied.[5] On appeal, defendants challenge the lawfulness of the search.

█ The Fourth Amendment requires that a search of private property "be both reasonable and pursuant to a properly issued search warrant." *Arkansas v. Sanders,* 442 U.S. 753, 758, 61 L. Ed. 2d 235, 99 S. Ct. 2586 (1979). The warrant requirement is a "valued part of our constitutional law . . . It is not an inconvenience to be somehow 'weighed' against the claims of police efficiency." *Coolidge v. New Hampshire,* 403 U.S. 443, 481, 29 L. Ed. 2d 564, 91 S. Ct.

---

[3]State v. Keller, cause 4002-0-III. His conviction was reversed and remanded for new trial for failure to give an instruction on entrapment. *State v. Keller,* 30 Wn. App. 644, 637 P.2d 985 (1981). On remand, Mr. Keller pleaded guilty to a reduced charge of possession of less than 40 grams of marijuana; sentencing awaits resolution of the present conviction.

[4]Defendants were tried separately because they had conflicting defenses. *See, e.g., State v. Kennedy,* 8 Wn. App. 633, 508 P.2d 1386 (1973). On appeal, the cases were consolidated after oral argument because the defendants are relying on similar grounds for reversal.

[5]Although the State does not challenge Mr. Vinelli's standing to assert the warrantless search of Mr. Keller's premises was without justification, a defendant has "automatic standing" to challenge a search or seizure if possession is an element of the offense charged and the defendant was in possession of the contraband at the time of the contested search or seizure. *State v. Simpson,* 95 Wn.2d 170, 177–81, 622 P.2d 1199 (1980) (interpreting Const. art. 1, § 7).

2022 (1971). Unreasonable searches or seizures conducted without warrants are plainly condemned by the Fourth Amendment. *Payton v. New York,* 445 U.S. 573, 585, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980). Warrantless searches are per se unreasonable. *Katz v. United States,* 389 U.S. 347, 357, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967); *State v. Loewen,* 97 Wn.2d 562, 647 P.2d 489 (1982); *State v. Daugherty,* 94 Wn.2d 263, 616 P.2d 649 (1980), *cert. denied,* 450 U.S. 958, 67 L. Ed. 2d 382, 101 S. Ct. 1417 (1981). The remedy for a violation of the Fourth Amendment warrant requirement is to suppress the evidence. *State v. Houser,* 95 Wn.2d 143, 622 P.2d 1218 (1980).

> Nonetheless, there are some exceptions to the warrant requirement. These have been established where it was concluded that the public interest required some flexibility in the application of the general rule that a valid warrant is a prerequisite for a search.

*Arkansas v. Sanders,* 442 U.S. at 759.

> The test for determining whether the Fourth Amendment applies is first whether "a person [has] exhibited an actual (subjective) expectation of privacy and, second, [whether] that . . . expectation [is] one that society is prepared to recognize as 'reasonable.'"

*State v. Christian,* 95 Wn.2d 655, 659, 628 P.2d 806 (1981) (quoting *Katz v. United States,* 389 U.S. at 361 (Harlan, J., concurring)). The burden of proving an exception is on the party seeking to establish it. *State v. Sanders,* 8 Wn. App. 306, 309, 506 P.2d 892 (1973).

The State contends this warrantless search falls within an exception, *i.e.,* warrantless search of probationers where reasonable. Indeed, such an exception is recognized in Washington as to parolees and probationers still serving their sentences. *Hocker v. Woody,* 95 Wn.2d 822, 826, 631 P.2d 372 (1981) (a parolee[6] has a diminished expectation of

---

[6]Parolees' and probationers' interests in due process and privacy are the same. *See Gagnon v. Scarpelli,* 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973).

privacy in his home and effects);[7] *State v. Coahran,* 27 Wn. App. 664, 666, 620 P.2d 116 (1980) (a parolee's home or personal property may be searched by state officials upon a well founded suspicion that a parole violation has occurred); *State v. Simms,* 10 Wn. App. 75, 85, 516 P.2d 1088 (1973) (even though a parolee has a legitimate expectation of privacy, a search by a parole officer and state agents is permissible to permit the officer to help rehabilitate the parolee). *Simms* pointed out at page 82 the rationale for excepting parolees and probationers from general warrant requirements is because the person remains in the custody of the State until expiration of his sentence, merely serving his time outside the prison walls. *See, e.g., January v. Porter,* 75 Wn.2d 768, 453 P.2d 876 (1969).

Mr. Keller and Mr. Vinelli contend, on the other hand, that Mr. Keller was not on probation at the time of this search, but was out on bond and conditions of release pending appeal.[8] Citing RCW 9.95.062,[9] they contend the warrantless search requirement, a probation condition, was stayed pending disposition of Mr. Keller's appeal. They further contend no exigent circumstances justified a warrantless search. Finally, they contend the conditions were

---

[7]*But see State v. Daugherty, supra.* In *Daugherty,* the petitioner may have been on probation, a justification advanced by the officer seeking evidence of a crime. The court stated, however, the "issue presented is whether, during a warrantless search of a driveway, the safe which was seen by one of the officers through an open garage door was improperly admitted into evidence." *State v. Daugherty, supra* at 265.

[8]CrR 3.2(h) provides:
"A defendant (1) who is charged with a capital offense, or (2) who has entered a plea of guilty to a felony, *or has been found guilty of a felony and is either awaiting sentence or has filed an appeal,* shall be released pursuant to this rule unless the court finds that the defendant may flee the state or pose a substantial danger to another or to the community. If such a risk of flight or danger exists, the defendant may be ordered detained." (Italics ours.)

[9]RCW 9.95.062 states in pertinent part:
"An appeal by a defendant in a criminal action shall stay the execution of the judgment of conviction."

not effective until a written order was entered a year later.[10]

We believe the trial court erred in failing to explicitly indicate to Mr. Keller which probation conditions would also become conditions of release pending appeal.[11] The statement quoted earlier, "The bond will be continued for Mr. Keller pending appeal; same terms and conditions of release, except he will be under supervision . . . pending appeal" is ambiguous. We cannot discern whether the phrase "same terms and conditions of release" meant those which pertained to his pretrial release or those imposed as conditions of his suspended sentence. Because the court did not clarify that a warrantless search requirement was imposed as a condition of release pending appeal (CrR 3.2(h)), the State's reliance on it as a means to negate the warrant requirement was unreasonable.[12] The evidence

---

[10]The record is replete with orders, some entered before the May 13, 1981, search, some later. On June 24, 1980, Mr. Keller signed a form entitled "conditions of probation" at the direction of the probation officer; this included a special condition which read: "Maintain all conditions as outlined in the Judgment and Sentence dated 3-31-1980 [sic]". Because CrR 3.2(d) clearly states the court shall impose conditions of release, this order cannot be the basis for the subsequent search.

The record contains three more orders directing terms of release, all signed by a judge. The first, signed June 4, 1981, requires only that Mr. Keller "report regularly to Probation officer as required by PPO." The second, signed May 26, 1982, is the one referred to by Mr. Keller in his brief; it is the first set of conditions which specifically mentions the probation conditions as conditions of release. A final order, dated June 11, 1982, merely reiterates the previous order.

[11]Although we understand the State's argument, we note only one condition of probation (warrantless search) was enforced; at the same time, court costs, a fine, and a jail sentence, all conditions of probation, were stayed pending appeal. We envision situations in which there will be disagreement over what terms of such a sentence apply and what terms do not pending appeal. We therefore prefer to keep them separate as the rules and statute require.

[12]Because of our holding, we do not decide the following issues: First, whether an adjudged felon who has filed an appeal and has been released on conditions under CrR 3.2 has a diminished expectation of privacy like a probationer and parolee so that warrantless searches, where reasonable, are justified. Second, whether RCW 9.95.062 limits the State's authority to impose probation-like conditions upon a person released pending appeal. Third, whether a written order is

must be suppressed. *State v. Houser, supra.*

We are constrained to reverse and order the evidence suppressed.

ROE, C.J., and GREEN, J., concur.

Reconsideration denied August 23, 1983.

Review denied by Supreme Court November 4, 1983.

required by CrR 3.2. We note CrR 3.2 was amended by the Supreme Court; the amended rule becomes effective September 1, 1983.