[No. 5840-5-II.   Division Two.   January 24, 1984.]

THE STATE OF WASHINGTON, *Appellant,* v. PATRICK MAHONEY, *Respondent.*

500

*Patrick D. Sutherland, Prosecuting Attorney,* and *Gary R. Tabor, Deputy,* for appellant.

*Toni A. Sheldon,* for respondent.

PETRIE, J.—The State appeals the dismissal of its petition to set aside an order deferring sentence. The trial court dismissed the petition, holding that, because defendant's probationary period had run, the court lacked personal jurisdiction over him. We reverse.

On July 21, 1976, defendant, Patrick Mahoney, was convicted of three counts of unlawful delivery of a controlled substance. The court, on October 21, 1976, deferred sentence for 3 years and placed defendant on probation. As conditions of probation, the trial court ordered him to serve 4 months in the county jail and fined him $5,000 plus court costs. Defendant appealed 1 week later. We affirmed the judgment on February 27, 1978, and mandated the cause to superior court on April 5, 1978. Thereafter, defendant served his 4-month jail term.

On August 15, 1980, the Thurston County Office of Adult Probation and Parole filed a probation violation report with the trial court. The State filed a petition to revoke probation on January 30, 1981, and on the same date the trial court issued a bench warrant for defendant's arrest.

Defendant subsequently moved to dismiss the State's petition. On September 18, 1981 the court granted his motion, holding that his probationary period had commenced October 21, 1976, the day of his sentencing, and had "died a natural death" October 20, 1979. Hence, the court held it no longer had jurisdiction to revoke the probation.

Defendant argues that, under RAP 7.2(f),[1] the probationary period continues to run unless the trial court issues a specific order revoking or staying it. He concedes that where a defendant absconds or is placed in a mental institution, the probationary period is tolled because the defendant is not subject to the jurisdiction of the court. *State v. Campbell*, 95 Wn.2d 954, 632 P.2d 517 (1981); *Gillespie v. State*, 17 Wn. App. 363, 563 P.2d 1272 (1977). However, he contends such reasoning is not applicable here because a defendant who appeals is available to be under the control of the court and remains subject to its authority to revoke or suspend his sentence.

We cannot agree with this interpretation in light of RCW 9.95.062 which provides that "[a]n appeal by a defendant in a criminal action shall stay the execution of the judgment of conviction." This statute is plain and unambiguous. *In re Norris*, 26 Wash. 323, 67 P. 72 (1901); *Ex parte Jones*, 2 Wash. 551, 27 P. 172 (1891). Once an appeal is taken, execution of the judgment imposed by the court, either fine or imprisonment, is stayed, *State v. Perry*, 10 Wn. App. 159, 516 P.2d 1104 (1973), and the convicted criminal defendant is subject to release pursuant to CrR 3.2(f) (formerly CrR 3.2(h)).[2] *State v. Smith*, 84 Wn.2d

---

[1]RAP 7.2(f) states:

"In a criminal case, the trial court has authority to fix conditions of release of a defendant and to revoke a suspended or deferred sentence."

[2]Former CrR 3.2(h) provided:

"A defendant (1) who is charged with a capital offense, or (2) who has entered a plea of guilty to a felony, or has been found guilty of a felony and is either awaiting sentence or has filed an appeal, shall be released pursuant to this rule unless the court finds that the defendant may flee the state or pose a substantial danger to another or to the community. If such a risk of flight or danger exists,

498, 527 P.2d 674 (1974).

In the present case, the former appeal by defendant stayed the execution of his "judgment of conviction." Accordingly, the judgment of the court, *i.e.,* ordering that he be placed on probation with conditions attached, was stayed pending the appeal. The trial court, in releasing defendant from custody, failed to impose any conditions upon him beyond the posting of an appeal bond. In view of RCW 9.95.062, we hold that defendant's probationary period did not commence until April 5, 1978, the date the appellate court issued its mandate.

Because the State's petition was filed within 3 years of April 5, 1978, the court had jurisdiction to entertain the petition at the time it was filed; and, if the matter was thereafter diligently pursued, the court also had jurisdiction even after April 5, 1981, to revoke or modify the order of October 21, 1976. *State v. Hultman,* 92 Wn.2d 736, 600 P.2d 1291 (1979). Consequently, the trial court erred in declaring that it lacked personal jurisdiction on January 30, 1981.

We do not intend this decision to be interpreted as permitting defendants to escape supervision merely by appealing. In releasing a convicted defendant upon appeal, the court may impose such conditions of release as it sees fit, including the same terms as imposed by the order of probation. However, the trial court must specifically indicate to the defendant what those conditions of his release are. *State v. Keller,* 35 Wn. App. 455, 667 P.2d 139, *review denied,* 100 Wn.2d 1023 (1983). There, the trial court had failed to indicate clearly which probation conditions were also conditions of release pending appeal. The defendants in *Keller* argued that, under RCW 9.95.062, the conditions of probation, which included a warrantless search require-

---

the defendant may be ordered detained."

Present CrR 3.2(f), effective September 1, 1983, provides:

"After a person has been found or pleaded guilty, the court may revoke, modify, or suspend the terms of release previously ordered."

ment, were stayed during the appeal process. The appellate court agreed and remanded the case with directions to suppress evidence seized as a result of the warrantless search.

If, however, *as a condition of release,* the court imposes a form of supervision which is clearly indicated to the convicted defendant, a defendant who violates a condition of that supervision is subject to revocation of his release but not to revocation of his probation.

Judgment of dismissal is reversed. This cause is remanded with direction to ascertain factually whether the matter was diligently pursued after January 30, 1981, and, if so, then to consider the State's petition on its merits.

PETRICH, C.J., and REED, J., concur.

Reconsideration denied February 17, 1984.

Review denied by Supreme Court April 20, 1984.