[No. 16096-6-I.   Division One.   July 29, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. PETER
SAVO CIRKOVICH, *Appellant.*

*Michael Filipovic* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Linda Walton, Deputy,* for respondent.

GROSSE, J.—At issue in this appeal is the application of RCW 13.40.300 governing the extension of juvenile court jurisdiction beyond the age of 18.

Appellant turned 18 on July 19, 1983 and will turn 21 on July 19, 1986. On February 5, 1982, he was convicted of second degree rape and committed to the Department of Social and Health Services, Division of Juvenile Rehabilitation, for 21 to 28 weeks of confinement. That disposition order stayed the execution of sentence pending appeal. His conviction was affirmed by this court on June 22, 1983 (*State v. Cirkovich,* 35 Wn. App. 134, 665 P.2d 440 (1983)), made final by the court's mandate on September 15, 1983. Because appellant had left the jurisdiction, an ex parte bench warrant was issued in November 1983. He was eventually located in Indiana, at which point his local counsel moved to quash the bench warrant and to have execution of the sentence dismissed for lack of jurisdiction, succeeding on the first motion but losing on the second. He now appeals the trial court's decision that the juvenile court retained jurisdiction over appellant pursuant to RCW 13.40.300(1)(a), and that he be required to return to Washington to serve the 21– to 28–week sentence of confinement.

The extended jurisdiction provision of the Juvenile Justice Act of 1977 (Act), RCW 13.40.300, states in full:

(1) In no case may a juvenile offender be committed by the juvenile court to the department of social and health services for placement in a juvenile correctional institu-

tion beyond the juvenile offender's twenty–first birthday. A juvenile may be under the jurisdiction of the juvenile court or the authority of the department of social and health services beyond the juvenile's eighteenth birthday only if prior to the juvenile's eighteenth birthday:

(a) The juvenile court has committed the juvenile offender to the department of social and health services for a sentence consisting of the standard range of disposition for the offense and the sentence includes a period beyond the juvenile offender's eighteenth birthday; or

(b) The juvenile court has committed the juvenile offender to the department of social and health services for a sentence outside the standard range of disposition for the offense and the sentence includes a period beyond the juvenile's eighteenth birthday and the court by written order setting forth its reasons extends jurisdiction of juvenile court over the juvenile offender for that period; or

(c) Proceedings are pending seeking the adjudication of a juvenile offense or seeking a disposition order or the enforcement of such an order and the court by written order setting forth its reasons extends jurisdiction of juvenile court over the juvenile beyond his or her eighteenth birthday.

(2) If the juvenile court previously has extended jurisdiction beyond the juvenile offender's eighteenth birthday and that period of extension has not expired, the court may further extend jurisdiction by written order setting forth its reasons.

(3) In no event may the juvenile court have authority to extend jurisdiction over any juvenile offender beyond the juvenile offender's twenty–first birthday.

(4) Notwithstanding any extension of jurisdiction over a person pursuant to this section, the juvenile court has no jurisdiction over any offenses alleged to have been committed by a person eighteen years of age or older.

Appellant argues that subsection (c) must apply since, because of the initial appeal, this was a pending case at the time appellant turned 18. He further argues that jurisdiction was irrevocably lost because subsection (c) requires that juvenile court jurisdiction be extended only by written order of the court prior to the juvenile's 18th birthday. The State contends that subsection (a) applies since the sen-

tence was within the standard range for the offense and, once the appeal process is taken into account, included a period beyond appellant's 18th birthday. Both parties claim the statute is clear and unambiguous, requiring the result for which they argue. Both are incorrect as the statute does not specifically address the situation here where a juvenile offender turns 18 during the pendency of appellate proceedings, a stay has been obtained, and the sentence does not otherwise include a period beyond the offender's 18th birthday.

Subsection (a) automatically extends the juvenile court's jurisdiction where the standard range sentence imposed includes a period beyond the offender's 18th birthday. The subsection's unadorned language gives no hint of the result that should apply in this circumstance. The plain language of subsection (c) contains no specific terms relating to appeals or cases pending on appeal. It does use precise terms for other situations, notably where the State is seeking to *enforce* the disposition order, a characterization of the proceedings urged by appellant. The case before the court, however, concerns the initial *execution* of the sentence as affirmed on appeal—a distinction which makes subsection (c) inapplicable. In these circumstances, the normal rules of statutory construction are not helpful in divining a proper result consistent with the purposes, goals, and intent of the Act, particularly as construed by the courts.

The Supreme Court has discussed RCW 13.40.300 in the course of affirming an offender's placement in a juvenile facility to complete a juvenile sentence interrupted by an escape and the declination of jurisdiction by the juvenile court for a robbery committed during the escape. *In re Smiley*, 96 Wn.2d 950, 953–54, 640 P.2d 7 (1982). Extension of juvenile court jurisdiction was not at issue in *Smiley*. Rather, the court considered the question whether the proper extension of jurisdiction was nullified by a subsequent declination of jurisdiction.

In *Smiley*, the court stated that the Act is premised on

the twin principles of rehabilitation and punishment, specifically, that it seeks to make the juvenile offender accountable for his or her criminal behavior. The extended jurisdiction section is intended to make "the offender accountable past the age of majority for his or her juvenile offenses." *Smiley*, at 954. The court relied on these purposes of providing punishment and making the juvenile accountable for his offense after reaching the age of majority to reach its result of permitting concurrent juvenile and superior court jurisdiction for different offenses where the Act was silent on the issue. *Smiley*, at 956–59. The court also indicated that one of the express purposes of the Act as stated in RCW 13.40.010(2)(j) is to provide clear policy as to jurisdiction. When unable to find specific guidance as to concurrent jurisdiction in that case, the court turned to the underlying purposes of the Act. We apply the same approach here since the juvenile court's jurisdiction cannot be sustained under RCW 13.40.300(1)(a) without a somewhat tortured reading of its language.

■■ We read the underlying purposes and goals of the Act to supply such additional language as necessary in this case. To permit the offender to entirely avoid his punishment merely by invoking the appellate process and obtaining a stay of execution of sentence would permit a result contrary to the express purposes of the Act and not intended by the Legislature.

RCW 13.04.033 governs appeals of juvenile cases. It provides, in part, that appeals of juvenile offenses

shall be taken in the same manner as criminal cases and the right to collateral relief shall be the same as in criminal cases. The order of the juvenile court shall stand pending the disposition of the appeal: *Provided,* That the court or the appellate court may upon application stay the order.

This section has not been construed as it applies to cases involving a stay but it invokes the traditional authority of the court to grant a stay of execution of judgment pending appeal, long codified in this state, now as RCW 9.95.062.

*See Ex Parte Jones,* 2 Wash. 551, 552, 27 P. 172 (1891). A stay of execution of judgment is at heart an equitable proceeding "designed to supersede enforcement of a judgment or order brought up for review, thereby maintaining the status quo and preserving the fruits of the appeal should it prove successful." *In re Koome,* 82 Wn.2d 816, 818, 514 P.2d 520 (1973). In the criminal context the stay is granted in order to "protect an appealing defendant who claims to have been erroneously convicted from serving a possibly undeserved sentence." *State v. Perry,* 10 Wn. App. 159, 169, 516 P.2d 1104 (1973). The status quo would not be maintained here if we were to accept the appellant's position. Recently this court applied similar reasoning in an adult case to hold that a defendant's appeal, which stayed execution of judgment pursuant to RCW 9.95.062, tolled the running of the statutory probationary period until the date the appellate court issued its mandate, permitting the State to petition to set aside the trial court's order deferring sentence. *State v. Mahoney,* 36 Wn. App. 499, 675 P.2d 628 (1984). *Mahoney* is in harmony with our holding. The stay tolled the age requirement for extending the juvenile court's jurisdiction rendering RCW 13.40.300(1)(a) applicable.

The juvenile court continues to have jurisdiction over appellant until he turns 21. The order of the court is affirmed. This court's order of April 26, 1985 staying extradition is hereby vacated, and the cause remanded for execution of the sentence.

SWANSON and RINGOLD, JJ., concur.

Review denied by Supreme Court October 18, 1985.