[Nos. 51557–3, 51686–3.   En Banc.   January 9, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. ROCKY LEE JOHNSON, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. TIMOTHY WILLIAMS, *Appellant.*

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for petitioner.

*Mark W. Muenster* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney, Deborah J. Phillips, Senior Appellate Attorney,* and *Lloyd P. Corgan, Deputy,* for respondent.

DOLLIVER, C.J.—Rocky Lee Johnson pleaded guilty to count 2 of attempting to harm a police dog and was tried and found guilty on count 1 of assault in the second degree. On January 13, 1984, the trial court deferred his sentence for 3 years, subject to conditions of jail time, probation, and restitution. Upon notice of Johnson's intent to appeal, the trial court denied Johnson's request for probation during pendency of appeal, but accepted the understanding of

Johnson's attorney that Johnson would have a probation officer during the pendency of the appeal. The court alsostressed the importance of Johnson's entrance in an anger management program upon his release. Johnson then filed notice of appeal in February 1984, after which both parties filed briefs with argument set for February 6, 1985.

On December 17, 1984, the trial court issued a bench warrant for Johnson when he failed to appear for a probation revocation hearing. The State then filed a motion to dismiss Johnson's appeal which the Commissioner of the Court of Appeals accepted on January 28, 1985, ordering a conditional dismissal of the appeal (giving Johnson 30 days to surrender to authorities). A petition for review by Johnson was granted.

On February 29, 1984, Timothy Williams was sentenced to 10 years for burglary in the second degree. The trial court suspended the sentence on condition of jail time, probation, and restitution. Williams then filed notice of appeal and both parties filed briefs. No conditions were set for release pending appeal.

Williams stopped reporting to his probation officer sometime in October 1984. On December 12, 1984, the trial court issued a bench warrant when Williams failed to appear at a probation revocation hearing.

On motion of the State, the Commissioner of the Court of Appeals ordered a dismissal of Williams' appeal. The dismissal was conditioned on a 27–day period during which Williams could surrender to authorities and thereby defeat the State's motion. Williams did not appear.

Williams then filed a motion to modify the Commissioner's ruling; the Court of Appeals granted Williams' motion and certified the case to this court. We accepted review and consolidated the case with that of Rocky Lee Johnson since both cases posed a similar issue.

At issue here is whether RCW 9.95.062, while staying execution of a judgment of conviction pending appeal, also stays the trial court's jurisdiction over the appealing defendant. We hold the trial court does have limited jurisdiction; affirm the dismissal of Johnson's appeal; and

remand Williams' case for reconsideration consistent with the rules regarding the trial court's limited jurisdiction.

The defendants rely on *State v. Mahoney,* 36 Wn. App. 499, 675 P.2d 628 (1984) to argue that the terms and conditions of probation imposed by the trial court in sentencing them were stayed pursuant to RCW 9.95.062. They claim they were not on probation; the trial courts were without jurisdiction or authority to hold a probation revocation hearing; and neither was legally obliged to appear for such proceedings. Thus, they allege the dismissals of their appeals were improper and the appeals should be reinstated.

RCW 9.95.062 provides that "[a]n appeal by a defendant in a criminal action shall stay the execution of the judgment of conviction." This exact language has been in Washington laws without amendment since early statehood. *See* Laws of 1891, ch. 146, § 40, p. 350; Laws of 1893, ch. 61, § 30, p. 133; Rem. Rev. Stat. § 1745; Laws of 1955, ch. 42, § 2, p. 332; RCW 9.95.062.

In the early cases we interpreted the intent of this stay of execution language was to prevent a convicted felon from being sent to the penitentiary but rather to remain in the county jail pending appeal. *See In re Norris,* 26 Wash. 323, 67 P. 72 (1901) (defendant entitled to be returned to county jail or be released on bail where defendant gives notice of appeal subsequent to imprisonment in penitentiary); *In re Bojar,* 7 Wash. 355, 35 P. 71 (1893) (defendant remained in county jail pending appeal of conviction sentencing him to penitentiary); *Ex parte Jones,* 2 Wash. 551, 27 P. 172 (1891) (notice of appeal entitled defendant to remain in county jail and not be sent to penitentiary). Under RCW 36.63.255, Laws of 1969, ch. 103, § 2, p. 290, however, a convicted felon unable to post bond on appeal must be transferred to a state institution pursuant to the requirements of the statute.

RCW 9.95.062 protects a defendant who appeals from serving a possibly undeserving sentence. *State v. Perry,* 10 Wn. App. 159, 516 P.2d 1104 (1973). A stay pending review preserves the status quo of the litigation and suspends the

power of the lower court to issue execution of the judgment or sentence. *In re Koome,* 82 Wn.2d 816, 514 P.2d 520 (1973). Preserving the status quo, however, does not provide appealing defendants with complete freedom to leave the jurisdiction of the courts; the trial court still has limited jurisdiction over them, which it may exercise.

This court has the power to promulgate all rules for court practice and procedure. RCW 2.04.190. These rules will supersede any laws in conflict. RCW 2.04.200; *State v. Smith,* 84 Wn.2d 498, 527 P.2d 674 (1974). The applicability of RCW 9.95.062 must be considered in conjunction with the appropriate court rules.

■ RAP 7.2(f) gives the trial court authority, after review has been accepted in a criminal case, "to fix conditions of release of a defendant and to revoke a suspended or deferred sentence." CrR 3.2(f) provides that after a person has been found or pleaded guilty the trial court may "revoke, modify, or suspend the terms of release previously ordered." The defendant who has filed an appeal fits into the CrR 3.2(f) general category of a person who "has been found or pleaded guilty". While RCW 9.95.062 procedurally stays the execution of judgment, RAP 7.2(f) and CrR 3.2(f) allow the trial court to set reasonable conditions on the release of an appealing defendant, subject to an abuse of discretion standard. The appropriate time to set conditions of release pending appeal is at the defendant's sentencing hearing.

While RCW 9.95.062 stays the execution of any sentence pending appeal, *State v. Mahoney, supra* at 502, the rules of court provide a trial court with a limited jurisdiction in the following circumstances, which it may exercise over a defendant who has appealed: (1) to set conditions on the defendant's release pending appeal, RAP 7.2(f); (2) to revoke, modify, or suspend the terms of release, CrR 3.2(f); and (3) to revoke a suspended or deferred sentence, RAP 7.2(f). The trial court has authority to order the defendant to be present for hearings and actions within the court's limited jurisdiction, *e.g.,* to be present for a hearing revoking conditions of release, or for a hearing revoking a sus-

pended or deferred sentence. *See* CrR 7.5(b) ("[t]he court shall not revoke probation except after a hearing in which the defendant *shall be present* and apprised of the grounds on which such action is proposed." (Italics ours)).

Since the stay of the execution of a judgment does not release a defendant from serving the full penalty imposed by the sentence, *In re Wright,* 31 Wn.2d 905, 200 P.2d 478 (1948); *State v. Perry, supra* at 169, upon affirmance or dismissal of the appeal, the trial court has the power to conduct a revocation hearing for violation of probation. The same power exists to hold a revocation hearing for violations which occurred during the pendency of the appeal even though probation had been stayed pending review. To permit an offender to avoid punishment entirely by involving the appellate process and obtaining a stay of execution of sentence would permit a result contrary to the defendant's conviction.

██  Finally, if the appealing defendant flees the jurisdiction of the court pending an appeal, the defendant waives the right to prosecute the appeal. *State v. Koloske,* 100 Wn.2d 889, 676 P.2d 456 (1984); *State v. Mosley,* 84 Wn.2d 608, 528 P.2d 986 (1974). Defendants who affirmatively avoid the court's jurisdiction waive their appeal and cannot claim a violation of Const. art. 1, § 22 (amend. 10). *State v. Sweet,* 90 Wn.2d 282, 581 P.2d 579 (1978). As observed by Justice Frankfurter:

> If legal questions brought by a litigant are to remain [in an appeals court], the litigant must stay with them. When he withdraws himself from the power of the Court to enforce its judgment, he also withdraws the questions which he had submitted to the Court's adjudication.

*Eisler v. United States,* 338 U.S. 189, 192, 93 L. Ed. 1897, 69 S. Ct. 1453 (1949) (Frankfurter, J., dissenting).

The dismissal of Johnson's appeal is affirmed. It is clear from the record that the trial court judge and Johnson's attorney had a clear understanding probation was to be a condition of Johnson's release, pending appeal. By failing to appear at the court–ordered probation revocation hearing and failing to submit to the court's authority within the

30–day period allowed by the Court of Appeals, Johnson affirmatively waived his right to prosecute his appeal. *State v. Koloske, supra* at 892; *State v. Mosley, supra* at 609.

Four days after we heard oral argument on this case, Rocky Lee Johnson was arrested on a bench warrant. His conditions of probation were modified on October 14, 1985. He petitioned this court that his case be remanded to the Court of Appeals for a determination of his appeal on the merits. This we decline to do. Once the right to appeal has been waived, as here, it is forfeited. It cannot be reactivated by an appearance subsequent to waiver.

In *State v. Mahoney*, 36 Wn. App. 499, 675 P.2d 628 (1984), the court, in dicta, reasoned a revocation of release conditions involving probation would be a revocation of the defendant's release and not of the defendant's probation. This ruling elevates form over substance. One of the conditions releasing Johnson, pending his appeal, was probation; Johnson's probation was revoked. Thus, a trial court may hold a probation revocation hearing during the defendant's appeal if probation was a condition of the appealing defendant's release.

Since Williams was not subject to any conditions of release pending his appeal and the trial court was without jurisdiction to order him to appear at a probation revocation hearing, the dismissal of his appeal is reversed and his case remanded to the trial court. Williams, however, still is subject to the trial court's jurisdiction to revoke, modify, or suspend the terms of his release, or to revoke his suspended sentence.

UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.

GOODLOE, J., concurs in the result.

After modification, further reconsideration denied February 20, 1986.