# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47236-8-II |
| Appellant, | |
| v. | |
| ANGEL ROSE MARIE NELSON, | PUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — In this case involving the interpretation of statutes prohibiting the theft of access devices, the State appeals the dismissal of its case against Angel Rose Marie Nelson. After Nelson stole gift cards from her employer, the State charged her with second degree theft of an access device and second degree possession of a stolen access device. The superior court granted Nelson's *State v. Knapstad*[1] motion, ruling that the gift cards she stole did not meet the definition of "access devices." Because the State presented prima facie evidence that Nelson stole access devices and possessed stolen access devices, we reverse the dismissal of her charges. We remand to the superior court for further proceedings consistent with this opinion.

---

[1] 107 Wn.2d 346, 357, 729 P.2d 48 (1986); *see also* CrR 8.3(c).

FACTS

Nelson was a Kmart employee. A surveillance video showed that Nelson left her cash register three times to retrieve an empty gift card, then activated each card by adding funds to it without adding cash to the cash register. She activated an Amazon.com gift card for $100, a MasterCard gift card for roughly $205, and a JoAnn's Fabric & Craft Store gift card for $25. She later used at least two of these cards.

The State charged Nelson with one count of second degree theft of an access device[2] and one count of second degree possession of a stolen access device.[3] Nelson moved to dismiss the charges under CrR 8.3(c) and *Knapstad*. She argued that the term "access device" could not include gift cards. The superior court granted Nelson's motion, ruling that, as a matter of law, a gift card is not an access device. The State appeals.

ANALYSIS

The State argues that the superior court erred by dismissing Nelson's case because a gift card can be an access device as defined by RCW 9A.56.010(1). Nelson argues that a gift card cannot be an access device because it does not access an account. She also argues that the State failed to present evidence that the gift cards Nelson stole were access devices. We agree with the State.

---

[2] RCW 9A.56.040(1)(d). This statute prohibits committing "theft of . . . [a]n access device."

[3] RCW 9A.56.160(1)(c). This statute prohibits possessing "a stolen access device."

I. STANDARD OF REVIEW

A superior court may dismiss a criminal charge under *Knapstad* if the State's pleadings and evidence fail to establish a prima facie showing of all elements of the charged crime. *State v. Sullivan*, 143 Wn.2d 162, 171 n.32, 19 P.3d 1012 (2001). To obtain dismissal under *Knapstad*, the defendant must show that there are no material facts in dispute and that the undisputed facts do not establish a prima facie case of guilt. *State v. Reeves*, 184 Wn. App. 154, 158, 336 P.3d 105 (2014). We review the superior court's dismissal of a criminal charge under *Knapstad* de novo, considering all facts and reasonable inferences in the light most favorable to the State. *Reeves*, 184 Wn. App. at 158.

We also interpret statutes de novo. *Reeves*, 184 Wn. App. at 158. Thus, we first determine whether gift cards can constitute "access devices" under the statute. Then, we consider whether the State presented sufficient evidence in this case. We hold that gift cards can constitute "access devices" and that the State presented sufficient evidence to defeat Nelson's *Knapstad* motion.

II. STATUTORY INTERPRETATION

This case presents the issue of first impression in Washington of whether a gift card can constitute an "access device." Specifically, it requires us to decide whether gift cards are a "means of account access" as required by RCW 9A.56.010(1). We agree with the State that a gift card can be an access device because it can be a means of account access.

A.      *Statutory Interpretation Principles*

When we interpret a statute, our fundamental objective is to determine and give effect to the legislature's intent. *State v. Larson*, 184 Wn.2d 843, 848, 365 P.3d 740 (2015). We look first

to the statute's plain language to determine this intent. *Larson*, 184 Wn.2d at 848. Where the statute's meaning is plain on its face, we give effect to the plain meaning as an expression of legislative intent. *Larson*, 184 Wn.2d at 848. We do not consider other evidence about the legislature's intent, such as legislative history, where the plain language of the statute is unambiguous. *State v. Graham*, 181 Wn.2d 878, 882, 337 P.3d 319 (2014). When a statute uses a nontechnical term without defining it, we give the term its plain and ordinary meaning, as defined in a standard dictionary. *State v. Sullivan*, 143 Wn.2d 162, 175, 19 P.3d 1012 (2001). If the statute's plain meaning is unambiguous, our inquiry is ended. *Graham*, 181 Wn.2d at 882.

We read a statute to give effect to all the language in the statute, without rendering any portion meaningless or superfluous. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). We do not add words to an unambiguous statute. *Larson*, 184 Wn.2d at 851. We recognize that the legislature intends to use the words it uses and intends *not* to use words it does not use. *See Larson*, 184 Wn.2d at 851-52. We avoid reading a statute in a way that produces absurd results. *Tingey v. Haisch*, 159 Wn.2d 652, 663-64, 152 P.3d 1020 (2007).

B.      *Access Device Must Be Means of Account Access*

Nelson and the State disagree about the definition of "access device." RCW 9A.56.010(1) defines "access device" as follows:

> "Access device" means any card, plate, code, account number, or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or anything else of value, or that can be used to initiate a transfer of funds, other than a transfer originated solely by paper instrument.

4

Nelson argues that any "access device" must be a "means of account access." Br. of Resp't at 7. The State appears to argue that the statute does not require an access device to be a means of account access so long as the device meets the other prongs of the definition.[4] On this point, we agree with Nelson.

The plain meaning of the statute requires all access devices to be means of account access. The word "other" does not modify only the phrase "account number." The comma before the qualifying phrase "or other means of account access" is evidence that this phrase modifies each item in the list "card, plate, code, account number." *See State v. Bunker*, 169 Wn.2d 571, 578, 238 P.3d 487 (2010). The phrase "other means of account access" clearly modifies "card, plate, code, [and] account number," such that each of these devices must be a means of account access to fall under the statute.

C.      *Plain Meaning of "Account" is Broad*

Having held that the statute requires an access device to be a means of account access, we turn to considering whether a gift card can be such a means. Nelson contends that it cannot. Instead, she argues that the "account" to which the statute refers must be a credit or checking

---

[4] The State cites the canon of ejusdem generis to argue that an access device need not be a means of account access because "other means of account access" refers only to those things that are "similar to cards, plates, codes, or account numbers." Reply Br. of Appellant at 2. Ejusdem generis is the principle that a general term (here, "other means of account access,") when used in conjunction with specific terms (here, "cards, plates, codes or account numbers,") incorporates only those things similar to or comparable to the specific terms. *Larson*, 184 Wn.2d at 849. This canon would be relevant to determine what types of physical devices qualified as "other means of account access," but it is not relevant to the question presented here: whether all access devices must be means of account access.

account.  We hold that gift cards can access an account because the plain meaning of the word "account" is broad enough to cover a gift card's balance.

Chapter 9A.56 RCW does not define "account."  Nor have Washington cases interpreted the meaning of "account" for purposes of RCW 9A.56.010(1).  *Webster's New International Dictionary* defines "account" in relevant part as "a record of debit and credit entries chronologically posted to a ledger page from books of original entry to cover transactions involving a particular item," "a statement of transactions during a fiscal period showing the resulting balance," and as "a sum of money or its equivalent deposited in the common cash of a bank and subject to withdrawal at the option of the depositor."  WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 12-13 (2002).  Under this dictionary definition, the plain meaning of "account" broadly includes records of a business relationship involving ongoing credits and debits or obligations.  And while it *may* refer to a customer's balance in the bank, this is only one of several meanings.

Turning to the question of whether a gift card can access an account, *Merriam-Webster's Unabridged Dictionary* defines a gift card as "a card entitling the recipient to receive goods or services of a specified value from the issuer."  MERRIAM-WEBSTER UNABRIDGED DICTIONARY, http://www.Merriam-Webster.com/dictionary/gift%20card (last visited July 5, 2016).  Under this definition, a gift card can access an account as described above.  It is a card that can be used to receive goods or services of a specified value.  A gift card thus shows a resulting balance.  It is a device that can be used to access a record of a business relationship with outstanding credits, debits, or obligations, and a sum of money—that is, an account.

Our holding that a gift card can be an access device is in accord with federal case law. Although we are not controlled by federal authority in interpreting state statutes, it can be persuasive where the texts of both federal and state laws are similar. *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 755, 888 P.2d 147 (1995). Under a federal statute nearly identical to our own, the Ninth Circuit determined whether a gift card was an "access device."[5] *United States v. Truong*, 587 F.3d 1049, 1051-52 (9th Cir. 2009).

In *Truong*, as here, the defendant argued that gift cards could not access an account, and thus did not fall under the statute. 587 F.3d at 1051. The court applied a definition of "account" from federal case law: "'a contractual relationship that makes possible the provision of goods, services, or money based on payment, or the expectation of payment, at some later point in time, as described by the entry of credits and debits in a formal record.'" *Truong*, 587 F.3d at 1052 (quoting *United States v. Bailey*, 41 F.3d 413, 417 (9th Cir. 1994)). The court then reasoned that the purchaser of a gift card pays the retailer an amount of money that is "credited to the card and may be drawn against," which transaction creates a contractual relationship. *Truong*, 587 F.3d at 1052. "Each purchase made with the card is a debit from the balance initially associated with the card, and both the customer and the retailer can keep track of the balance on the card." *Truong*, 587 F.3d at 1052. *Truong* is highly instructive in holding that a gift card's balance is an "account," and therefore, the gift card is an access device.

---

[5] 18 U.S.C. § 1029(e)(1) and RCW 9A.56.010(1) are identical in the portions relevant to this case. Both read that an access device "means any card, plate, code, account number . . . or other means of account access." *Compare* 18 U.S.C. § 1029(e)(1) *with* RCW 9A.56.010(1).

Other federal courts are in accord with *Truong*'s holding. *See, e.g.*, *United States v. Lyles*, 506 F. App'x 440, 442 (6th Cir. 2012); *United States v. Henderson*, 439 F. App'x 56, 60 (2nd Cir. 2011); *United States v. Conner*, 537 F.3d 480, 485 (5th Cir. 2008). Likewise, other states have interpreted statutes similar to RCW 9A.56.010(1) to hold that a gift card is an access device. *See State v. Johnson*, 2007-1397, p. 7 (La. App. 4 Cir. 6/4/08); 985 So. 2d 1259, 1262 (construing Louisiana's definition of "access device," which requires the device to be a "means of account access" to encompass gift cards).

Nelson argues that the word "account" cannot refer to all types of accounts and must instead refer only to a bank account, credit account, checking account, or the like. She contrasts these financial accounts with the myriad other accounts that she insists the legislature cannot have been referring to, such as a library account, gym membership, or an online video streaming service membership. She supports this argument with citations to legislative history, which suggest that the legislature contemplated only bank accounts and similar financial accounts when writing this statute. But we do not consider legislative history when the plain language of the statute is unambiguous. *Graham*, 181 Wn.2d at 882.

Nor do we add words to an unambiguous statute. *Larson*, 184 Wn.2d at 851-52. Rather than writing that an access device must be a means of *bank* account access, the legislature wrote only that it must be a means of *account* access. To interpret the statute otherwise would be to add language where the legislature chose not to.

Nelson also appears to argue that an access device cannot access an "account" if the account consists only of a fixed amount of funds. We reject this argument because nothing in the

statute limits the definition of "account" to accounts with unlimited funds and because this argument leads to absurd results. For example, many companies allow customers to add funds to the card's balance. They are similar to "prepaid" credit cards for which the customer deposits funds with the company before using the card. Nelson's argument would have the definition of "account" turn on whether the account holder has added additional funds to the balance in the account. The plain meaning of the statute includes all access devices regardless of whether the account contains a fixed amount of funds, and we do not second-guess the legislature's decision.

Nelson further argues that the legislature has defined "access device" in a different title of the RCW in a way that excludes gift cards. She refers to chapter 19.174 RCW, which governs automated teller machines, to argue that under RCW 19.174.020, an access device is "'a card, code, or other means of access to a consumer's account . . . that may be used by the consumer to initiate electronic fund transfers.'" Br. of Appellant at 12 (quoting 12 C.F.R. § 205.2(a)(1), incorporated by reference into RCW 19.174.020). Federal regulations, which the Washington statute incorporates by reference, define "account" to include only financial institutions' accounts. 12 C.F.R. § 205.2(b)(1).

But we neither add words to nor subtract words from an unambiguous statute. *Larson*, 184 Wn.2d at 851-52; *J.P.*, 149 Wn.2d at 450. To hold that a definition of "access device" in a different title of the RCW somehow alters the plain language of the definition of "access device" in chapter 9A.56 RCW would be contrary to the rules of statutory interpretation. We presume that the legislature is aware of other statutory provisions. *In re Det. of Boynton*, 152 Wn. App. 442, 453, 216 P.3d 1089 (2009). Notwithstanding the definition of "access device" in chapter 19.174 RCW,

the legislature chose to define it separately in chapter 9A.56 RCW, and we must give effect to the plain meaning of that enactment.

In conclusion, we hold that the definition of "access device" can include gift cards so long as they are a means of account access. The word "account" is not limited to a bank account because the plain language of the statute includes no such limitation. Instead, the plain meaning of "account" includes records of debit and credit entries or the balance they represent regardless of whether a bank is involved. Put simply, a device, including a gift card, can be an access device when it is a means of account access, so long as it meets the other requirements of the statute. The funds to which a gift card provides access can be an account under this statute.

D.      *Sufficient Evidence To Defeat Knapstad Motion*

Finally, we consider whether the State provided sufficient evidence to defeat Nelson's *Knapstad* motion. Nelson argues that the State did not present sufficient facts to show that the gift cards Nelson stole were access devices. The State argues that sufficient evidence exists to defeat the *Knapstad* motion because Nelson used the gift cards to purchase items. We agree with the State.

Both theft of an access device and possession of a stolen access device require proof that the stolen item is an access device. RCW 9A.56.040(1)(d), .160(1)(c). As discussed above, an item must access an account to be an access device. The State presented evidence that Nelson activated the gift cards, placed funds on them, and then "used" at least two of them. Clerk's Papers at 4, 9. This evidence, viewed in the light most favorable to the State, shows that Nelson used the funds she placed on the gift cards to access funds available with the third party vendors—in other

10

words, that she accessed an account with those vendors. After she activated the gift cards at Kmart, she then used the cards to buy goods that the vendors made available to her because the gift card was a record of credits available to the holder of the gift card.

This evidence is sufficient to create a prima facie showing that Nelson's gift cards were access devices. Therefore, the evidence creates a prima facie showing of guilt when it is viewed in a light most favorable to the State. We reverse the dismissal of Nelson's case and remand to the superior court for further proceedings consistent with this opinion.

_____
Worswick, J.

We concur:

_____
Bjorgen, C.J.

_____
Lee, J.

11