# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ASYA BRADFORD, | No. 56684-2-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF CHILDREN, YOUTH & FAMILIES, BOARD OF APPEALS, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — The superior court granted Asya Bradford's petition for judicial review, vacated the Department of Children, Youth, and Families' (DCYF) Board of Appeals' final order, and denied Bradford's request for attorney fees and costs under the Equal Access to Justice Act (EAJA), RCW 4.84.350.[1] The superior court concluded that DCYF was substantially justified in denying Bradford's request to vacate an order dismissing her request for administrative review of DCYF's decision and denied Bradford attorney fees and costs under the EAJA. Bradford argues

---

[1] RCW 4.84.350(1) provides that

> [e]xcept as otherwise specifically provided by statute, a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust. A qualified party shall be considered to have prevailed if the qualified party obtained relief on a significant issue that achieves some benefit that the qualified party sought.

that the superior court erred by denying her request for attorney fees and costs under the EAJA. Bradford also requests attorney fees and costs on appeal.

We hold that the superior court erred by denying Bradford's request for attorney fees and costs under the EAJA. Accordingly, we reverse the superior court's denial of Bradford's request for attorney fees and costs and remand for the superior court to award attorney fees and costs to Bradford under the EAJA. We also award to Bradford appellate attorney fees and costs.

FACTS

DCYF made several "founded"[2] findings that Bradford had committed physical abuse and negligent treatment or maltreatment. DCYF sent written notice of its findings to Bradford at her address on 130th Street in Everett. Bradford received this notice and signed for it.

Bradford requested an internal review of the "founded" findings. Bradford's review request form stated that "[t]he outcome of this review should be mailed to the following address:" and Bradford listed the 130th Street address. Admin. Rec. (AR) at 43.

DCYF performed an internal review and upheld the "founded" findings. DCYF sent written notice of its determination to Bradford at her 130th Street address. This notice stated that

---

[2] "Founded" is a determination following an investigation that "based on available information, it is more likely than not that child abuse or neglect did occur." RCW 26.44.020(14).

RCW 26.44.020 was amended in 2021, 2022, and 2023, and the definition of "founded" was renumbered from subsection (13) to subsection (14). No substantive changes were made affecting this opinion. Therefore, we cite to the current statute.

2

Bradford had the right to challenge the determination by requesting an administrative hearing via written request. The notice did not instruct Bradford to provide her address in the written request.[3]

A.      REQUEST FOR ADMINISTRATIVE HEARING

Bradford sent a written request for an administrative hearing as instructed in DCYF's notice. Bradford's request did not provide an address in the body of the request, but the return address on the envelope enclosing the request for an administrative hearing was an address on Highway Place in Everett, which was different from the 130th Street address.

The Office of Administrative Hearings (OAH) scheduled a prehearing conference on the matter and mailed notice to Bradford at her 130th Street address. Bradford did not receive this notice and did not appear at the prehearing conference.

On the day of the prehearing conference, OAH called Bradford twice and left her one voicemail telling her to contact the office or potentially have the administrative appeal dismissed. The day after the prehearing conference, OAH entered a dismissal order that found Bradford in default and dismissed her administrative appeal.

The dismissal order was mailed to Bradford at her 130th Street address. Bradford eventually received the dismissal order, but the record is unclear as to when she received it.

---

[3] WAC 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(1) provides that "[a] request for a hearing for DCYF actions must be made as provided in the notice sent by DCYF." WAC 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(2)(a) provides that the hearing request must include certain information, including "[t]he requesting party's name, address, and telephone number." However, WAC 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 does not require DCYF to articulate each of the requirements set forth in WAC 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(2) for a hearing request in its notice letter. Although WAC 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 does not require DCYF to include full instructions in the letter to the litigant as to what must be included with a request for a hearing, best practices would be to include such instructions.

B.     REQUEST TO VACATE DISMISSAL ORDER

Approximately five months after OAH entered the dismissal order, Bradford sent OAH a request to vacate the order. OAH scheduled a prehearing conference on Bradford's request to vacate and again sent notice to Bradford at her 130th Street address.

At the prehearing conference, Bradford testified that she had moved away from the 130th Street address before she requested the administrative appeal. OAH denied Bradford's request to vacate the dismissal order because it was not brought within 21 days of the order as required under WAC 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(3)(f).[4]

Bradford appealed to the DCYF Board of Appeals (BOA), and the BOA entered a final order denying Bradford's request to vacate the dismissal order. The BOA's final order cited WAC 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(3)(f) as the reason for denying Bradford's request. Specifically, the BOA stated that any motion to vacate an order of dismissal that is filed more than 21 days after the dismissal order will be denied under WAC 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(3)(f). The BOA denied Bradford's request to vacate the dismissal order because "there are no good cause exceptions to the provisions stated in WAC 110-

---

[4] WAC 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(3)(f) provides in relevant part that

[a] request to vacate an order of default or dismissal based on a party's failure to attend or refusal to meaningfully participate in a prehearing conference or hearing must be filed with OAH within twenty-one calendar days after the date the order of default or dismissal was served. The order becomes a final order if no request is received by that date.

. . . .

. . . Any motion to vacate an order of dismissal or default that is filed more than twenty-one days after the order of dismissal or default was served on the parties and their representatives will be denied.

03-0270(3)(f)" and Bradford "did not send a request to vacate the default order and reinstate hearing until almost five (5) months after the entry of the default order." AR at 10.

C.    SUPERIOR COURT'S REVIEW

Bradford filed a petition for judicial review at the superior court. Bradford also requested attorney fees and costs under the EAJA.

After hearing arguments on Bradford's petition,[5] the superior court entered its findings of fact, conclusions of law, and order granting petition. The superior court's order included the following relevant findings of fact:

> 9.    Under the U[.]S[.] Constitution, due process requires that service be reasonably calculated to succeed.
>
> . . . .
>
> 12.    Nothing prevented the OAH from mailing the Notice to both addresses, but the better address to use is the one the person appealing included in their materials—in this case on the outside of the envelope.
>
> 13.    Mrs. Bradford never received the Notice of Prehearing conference and thus did not appear at the April 16, 2020 hearing.
>
> . . . .
>
> 15.    When Mrs. Bradford became aware of the dismissal of her appeal, she sought to have the OAH vacate the default and dismissal under WAC 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(3), but her request was denied because her request was not brought within 21 days of the default order.
>
> . . . .
>
> 18.    Mrs. Bradford may have received the order of default and dismissal earlier than she requested vacation of the default, but it appears she did receive it more than 21 days from the date of the order.

---

[5] The record on appeal does not contain the transcript from this oral argument.

19.     The department had a justification for its decision to deny Mrs. Bradford's request to vacate the default and dismissal because it was beyond the 21-day limit of the WAC.

CP at 55-56. The superior court's order included the following relevant conclusions of law (COL):

1.     Service by OAH of the Notice of Prehearing Conference (PHC) failed to meet the due process requirements of the U.S. Constitution because it did not mail to the address Mrs. Bradford had provided on the envelope in which she sent her request for an administrative hearing.

2.     Because Mrs. Bradford did not receive proper notice of the PHC, the default dismissal was invalid and should be reversed.

3.     Because the default dismissal was invalid, Mrs. Bradford did not bring her request to vacate beyond the 21-day limit.

4.     The Petition should be granted for the failure of the OAH to give proper notice of the PHC.

5.     Mrs. Bradford should not be awarded attorney fees under the EAJA because the Board was substantially justified in its position to deny the request to vacate.

CP at 56-57.

Bradford appeals the superior court's denial of her request for attorney fees and costs under the EAJA.

## ANALYSIS

A.     DENIAL OF EAJA ATTORNEY FEES AND COSTS

Bradford argues that the superior court erred by denying her request for attorney fees and costs under the EAJA. We agree.

### 1.     Legal Principles

Generally, the Washington Administrative Procedure Act (APA), chapter 34.05 RCW, governs judicial review of final agency actions. *Estate of Ackerley v. Dep't of Revenue*, 187 Wn.2d

906, 909, 389 P.3d 583 (2017); *see* RCW 34.05.570(4). However, we review a decision on attorney fees under the EAJA for an abuse of discretion. *Wilson v. Dep't of Ret. Sys.*, 15 Wn. App. 2d 111, 128, 475 P.3d 193 (2020). "'A trial court abuses its discretion when it makes a decision that is manifestly unreasonable, based on untenable grounds, or based on untenable reasons.'" *Id.* (quoting *Raven v. Dep't of Soc. & Health Servs.*, 177 Wn.2d 804, 832, 306 P.3d 920 (2013)).

"[U]nchallenged conclusions of law become the law of the case." *In re Marriage of Laidlaw*, 2 Wn. App. 2d 381, 386, 409 P.3d 1184, *review denied*, 190 Wn.2d 1022 (2018).

The EAJA provides in relevant part that

a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust.

RCW 4.84.350(1).

2.      BOA's Actions Not Substantially Justified Based on the Law of the Case

DCYF concedes that Bradford is a qualified party and that Bradford prevailed at the superior court. The only dispute is whether or not the BOA's action in denying Bradford's request to vacate the default dismissal of her request for an administrative hearing was substantially justified.

An action is substantially justified if it is "'justified to a degree that would satisfy a reasonable person.'" *Raven*, 177 Wn.2d at 832 (internal quotation marks omitted) (quoting *Silverstreak, Inc. v. Dep't of Lab. & Indus.*, 159 Wn.2d 868, 892, 154 P.3d 891 (2007) (lead opinion), *id.* at 893 (Madsen, J., concurring)). A substantially justified action must have a reasonable basis in law and in fact. *Id.*

A substantially justified action "need not be correct, only reasonable." *Id.* An agency action may be substantially justified if the agency based its action on the best available evidence at the time of the decision, even if that action is ultimately determined to be unfounded. *Id.* at 832-33.

> The EAJA is almost identical to the federal EAJA, which states in relevant part that
>
> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Both Washington's EAJA and the federal EAJA require courts to award attorney fees and costs unless the court finds that the government's action or position was "substantially justified" or that circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); RCW 4.84.350(1).

"Although federal authority is not controlling in interpreting state statutes, it can be persuasive where the texts of both federal and state laws are similar." *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 755, 888 P.2d 147 (1995); *see State v. Nelson*, 195 Wn. App. 261, 268, 381 P.3d 84 (2016) (holding same).

Under the federal EAJA, the government's position is not substantially justified if the government deprives the other party of their due process rights. *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1517 (9th Cir. 1991). Due process violations are not substantially justified because "if . . . a *due process* violation is not enough to trigger a finding that the government was not 'substantially justified' under the [federal] EAJA, the [federal] EAJA would

amount to nothing but a hollow statutory shell offering little of substance to prevailing parties." *Id.* at 1518 n.5 (emphasis in original). We apply the Ninth Circuit's rule that due process violations are not "substantially justified" for purposes of Washington's EAJA. *See Bravo*, 125 Wn.2d at 755 (federal authority can be persuasive where the texts of both federal and state laws are similar); *Nelson*, 195 Wn. App. at 268 (holding same).

Here, the superior court concluded in COL 1 that OAH's service of the prehearing conference notice did not meet constitutional due process requirements, which has not been challenged on appeal. Unchallenged conclusions of law become the law of the case, and we are constrained to accept the superior court's conclusion that OAH's service of the prehearing conference notice was constitutionally deficient. *See Laidlaw*, 2 Wn. App. 2d at 386. OAH's constitutionally deficient service resulted in OAH entering an invalid default dismissal against Bradford. Therefore, the BOA's decision upheld a default dismissal that violated Bradford's due process rights. Because due process violations can never be substantially justified, the superior court erred by concluding that the BOA's denial of Bradford's request to vacate the default dismissal was substantially justified. *See $12,248 U.S. Currency*, 957 F.2d at 1517.

The State argues that because WAC 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(3)(f) does not contain a "good cause" exception, the BOA's reliance on the WAC to deny Bradford's request to vacate the default dismissal was substantially justified. WAC 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(3)(f) provides, in relevant part, that

> [a] request to vacate an order of default or dismissal based on a party's failure to attend or refusal to meaningfully participate in a prehearing conference or hearing must be filed with OAH within twenty-one calendar days after the date the order of default or dismissal was served. The order becomes a final order if no request is received by that date.
>
> . . . .

. . . Any motion to vacate an order of dismissal or default that is filed more than twenty-one days after the order of dismissal or default was served on the parties and their representatives will be denied.

While WAC 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(3)(f) does not contain an exception for "good cause," the WAC implicitly assumes that proper notice of the underlying hearing was provided. Here, Bradford received no notice of the hearing that resulted in the default dismissal. Because Bradford did not receive notice of that hearing, the default dismissal and any decision affirming or upholding that default dismissal constituted a due process violation. This is not a case relating to the existence of good cause; this is simply a case where notice of the hearing was not provided.

The superior court also concluded in COL 3 that "[b]ecause the default dismissal was invalid, Mrs. Bradford did not bring her request to vacate beyond the 21-day limit." CP at 56. COL 3 is also not challenged on appeal and is the law of the case. *See Laidlaw*, 2 Wn. App. 2d at 386. Because the superior court concluded that Bradford's request to vacate the default dismissal was within the 21-day limit, the BOA's denial based on Bradford failing to bring the request to vacate within 21 days is not substantially justified.

Based on the law of the case, the BOA was not substantially justified in denying Bradford's request to vacate the default dismissal of her request for an administrative hearing. Therefore, the

superior court abused its discretion in denying Bradford's request for attorney fees and costs under the EAJA.[6],[7]

B.      ATTORNEY FEES AND COSTS ON APPEAL

Bradford requests attorney fees and costs on appeal under the EAJA. We grant Bradford's request for attorney fees and costs on appeal.

The EAJA provides that

a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the

---

[6] In challenging the validity of WAC 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(3)(f), Bradford argues that the 21-day rule either (1) could not have served as substantial justification for the BOA's denial of Bradford's request to vacate or (2) is invalid because it does not require the underlying order to be constitutionally valid. Based on the law of the case, WAC 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(3)(f) was not triggered and thus did not serve as substantial justification for the BOA's denial of Bradford's request to vacate.

WAC 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(3)(f) provides that a default dismissal becomes final 21 days after it is "served" on the parties, and any request to vacate the dismissal after those 21 days will be denied. Here, OAH's service of the prehearing conference notice to the 130th Street address did not meet due process standards for service. OAH also sent the default dismissal to Bradford's 130th Street address. Thus, service of the default dismissal was also constitutionally deficient, and the default dismissal was not "served" on Bradford. Therefore, WAC 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(3)(f) was not triggered and could not have provided substantial justification for the BOA's decision to deny Bradford's request to vacate the default dismissal.

Because WAC 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(3)(f) was not triggered, we decline to address Bradford's challenge to the validity of WAC 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(3)(f) based on the principle of constitutional avoidance. *See Reykdal v. Espinoza*, 196 Wn.2d 458, 460 n.1, 473 P.3d 1221 (2020) ("'Where an issue may be resolved on statutory grounds, the court will avoid deciding the issue on constitutional grounds.'" (quoting *Tunstall v. Bergeson*, 141 Wn.2d 201, 210, 5 P.3d 691 (2000), *cert. denied*, 532 U.S. 920 (2001))).

[7] Because we hold the BOA was not substantially justified in denying Bradford's request to vacate the default dismissal of her request for an administrative hearing and reverse, we do not address Bradford's alternative arguments supporting her claim that the BOA's denial of her request to vacate the default dismissal was not reasonable in fact or was arbitrary and capricious.

court finds that the agency action was substantially justified or that circumstances make an award unjust.

RCW 4.84.350(1). As discussed above, we hold that the agency action was not substantially justified and Bradford is entitled to attorney fees and costs under the EAJA. Thus, Bradford is the prevailing party on appeal. DCYF concedes that Bradford is qualified. Further, there is no indication that there are circumstances making an award unjust.

Therefore, we award appellate attorney fees and costs to Bradford under the EAJA. The amount of attorney fees and costs on appeal shall be determined in accordance with RAP 18.1.

CONCLUSION

We hold that the superior court erred by denying Bradford's request for attorney fees and costs under the EAJA. Accordingly, we reverse the superior court's denial of Bradford's request for attorney fees and costs and remand for the superior court to award attorney fees and costs to Bradford under the EAJA. We also award Bradford appellate attorney fees and costs to be determined in accordance with RAP 18.1.

No. 56684-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Che, J.

13