[No. 55906-6.   En Banc.   July 6, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. JAVIER
SANDOVAL ORTIZ, *Petitioner.*

*Thomas Bothwell* and *Prediletto, Halpin, Cannon, Scharnikow & Bothwell,* for petitioner.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Robert Northcott, Deputy,* for respondent.

DURHAM, J.—After Javier Ortiz was deported by federal authorities to Mexico, the Court of Appeals dismissed his appeal from a criminal conviction obtained against him in Yakima County. We reverse.

Ortiz was convicted of possession of a controlled substance (cocaine) in the Yakima County Superior Court on June 2, 1988. He received a sentence of time served (53 days), 12 months of community supervision and $640 in costs. On June 3, 1 day after Ortiz's conviction, the United States Immigration and Naturalization Service commenced

deportation proceedings against him. A warrant of deportation was issued on June 9, and Ortiz was deported to Mexico on June 10.

On Ortiz's behalf, his attorney filed a timely notice of appeal, statement of arrangements and designation of clerk's papers, as well as an order of indigency authorizing review at public expense. *See* RAP 5.1, 9.2, 9.6. Prior to briefing by the parties, the State moved that Ortiz's appeal be dismissed. The 1–sentence motion asserted that dismissal was warranted because Ortiz, having been deported to Mexico, "is no longer under the jurisdiction of this court, and is no longer available for assisting in his appeal."

The Court of Appeals Commissioner issued an order conditionally granting the State's motion "unless Mr. Ortiz returns to the jurisdiction of the Court" within 30 days. The asserted basis for this ruling was that Ortiz's deportation "constitutes a waiver of his right to appeal." After the Court of Appeals denied a motion to modify the Commissioner's ruling, we accepted the matter for discretionary review. 112 Wn.2d 1010.

As authority for his finding that Ortiz has waived his appeal, the Court of Appeals Commissioner cited our decision in *State v. Johnson,* 105 Wn.2d 92, 711 P.2d 1017 (1986). In that case, the Court of Appeals dismissed the appeal of a criminal defendant who had failed to appear in the trial court for a probation revocation hearing. Affirming, this court stated: "Defendants who affirmatively avoid the court's jurisdiction waive their appeal . . ." *Johnson,* at 97.

*Johnson* is but one example of a rule of appellate practice that is sometimes called the "fugitive from justice doctrine". *See also State v. Koloske,* 100 Wn.2d 889, 891–92, 676 P.2d 456 (1984); *State v. Mosley,* 84 Wn.2d 608, 528 P.2d 986 (1974); *State v. Handy,* 27 Wash. 469, 67 P. 1094 (1902). Essentially two rationales underlie this doctrine.

First, the fugitive's flight is said to render his appeal moot, insofar as the appellate court's judgment may not be given effect:

> If we affirm the judgment, [the defendant] is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear or not, as he may consider most for his interest. Under such circumstances, we are not inclined to hear and decide what may prove to be only a moot case.

*Smith v. United States,* 94 U.S. 97, 97, 24 L. Ed. 32 (1876), *quoted in State v. Mosley, supra* at 610–11; *State v. Handy, supra* at 471. Second, having scorned the court's authority over him, the fugitive is deemed "disentitled" to appellate action. *See, e.g., Molinaro v. New Jersey,* 396 U.S. 365, 366, 24 L. Ed. 2d 586, 90 S. Ct. 498 (1970) (escape "disentitles the defendant to call upon the resources of the Court for determination of his claims"); *Allen v. Georgia,* 166 U.S. 138, 141, 41 L. Ed. 949, 17 S. Ct. 525 (1897) ("[i]t is much more becoming to its dignity that the court should prescribe the conditions upon which an escaped convict should be permitted to appear and prosecute his writ, than that the latter should dictate the terms upon which he will consent to surrender himself to its custody"), *quoted in State v. Mosley, supra* at 610.

▮ Neither of these rationales is applicable in the present case. Far from mooting his appeal, Ortiz's deportation makes the appeal all the more significant. As a result of his Yakima conviction, Ortiz will be unable to return to this country. *See* 8 U.S.C. § 1182(a)(23) (alien convicted of narcotics offense "shall be excluded from admission into the United States"). Thus, in contrast with a fugitive from justice who evades the legal restraints resulting from his conviction, Ortiz "liv[es] under those restraints today." *United States v. Campos–Serrano,* 404 U.S. 293, 294 n.2, 30 L. Ed. 2d 457, 92 S. Ct. 471 (1971);[1] *see also United States v. Marsh,* 747 F.2d 7, 9 n.2 (1st Cir. 1984) (because

---

[1] Deportation to Mexico was a condition of probation for the defendant in *Campos–Serrano.* Distinguishing this situation from that of an escaped convict, the Court noted: "[T]he respondent has not fled from the restraints imposed by

deported defendants' narcotics convictions might prevent their reentry into the country, the appeals are not moot).

Nor can it be said that Ortiz has treated the appellate process contemptuously. He has not fled the state; rather, he was forcibly expelled from it. From all indications, he would happily return to the state to pursue his appeal if he could do so.[2] He can't. *See* 8 U.S.C. § 1326 (alien's reentry into the country following deportation is a felony). In these circumstances, we hold that dismissal of Ortiz's appeal was unwarranted.

The Court of Appeals decision is reversed.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, PEARSON, ANDERSEN, and SMITH, JJ., concur.

---

the District Court pursuant to this conviction. Rather, he is living under those restraints today." *Campos–Serrano,* at 294 n.2.

[2]Ortiz had lived in Yakima for 2 years before being deported and had applied for citizenship 2 weeks before his arrest.