[No. 10262-9–III.   Division Three.   November 8, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. ALVARO ROSALES–GONZALES, *Appellant.*

584

Jeffrey C. Barker, for appellant (appointed counsel for appeal).

Gary A. Riesen, Prosecuting Attorney, and Alicia H. Nakata, Deputy, for respondent.

SHIELDS, J.—Alvaro Rosales–Gonzales was found guilty of unlawful possession of a controlled substance, cocaine. He was sentenced to 62 days in the Chelan County Jail, with credit for time served, and 12 months of community supervision upon release if not deported. After release, Mr. Rosales–Gonzales failed to report to the Department of Corrections. His attorney filed this appeal.

Mr. Rosales–Gonzales contends the trial court erred by finding the officer had reasonable cause to believe Mr. Rosales–Gonzales would not appear, thus warranting a custodial arrest. He also contends the court erred by ruling the cocaine found in the automobile during the search incident to arrest was admissible at trial. However, we hold Mr. Rosale–Gonzales has waived his right to appeal.

■ A convicted person who flees the court's jurisdiction while his appeal is pending waives his right to pursue the appeal. State v. Johnson, 105 Wn.2d 92, 97, 711 P.2d 1017 (1986); State v. Handy, 27 Wash. 469, 67 P.2d 1094 (1902). This rule, sometimes called the "fugitive from justice doctrine", has two bases: first, flight renders the appeal moot insofar as the appellate court's judgment may not be given effect; and second, "having scorned the court's authority over him, the fugitive is deemed 'disentitled' to appellate action." State v. Ortiz, 113 Wn.2d 32, 34, 774 P.2d 1229 (1989).

We note this rule does not apply to an alien appellant who has been deported. In deportation cases appeal remains important because an alien convicted of a narcotics offense is prevented from reentry under federal law. A

deported alien does not flee the state, he is forcibly expelled from it. *Ortiz,* at 34–35.

In the present case, the evidence at trial established Mr. Rosales–Gonzales was a migrant farm worker. However, there has been no showing he was deported. When he failed to report to the Department of Corrections, a letter was sent to him requesting he contact the Department. There was no response, so another letter was written and sent to him at the farm laborer camp where he had been residing. Mr. Rosales–Gonzales's former employer returned the letter to the Department and furnished information Mr. Rosales–Gonzales had left the area and was residing in California at a specific address, which he provided. A bench warrant was issued for his arrest.

Counsel for Mr. Rosales–Gonzales suggests he may have been deported, but has presented no evidence to support his belief. The prosecution presented evidence Mr. Rosales–Gonzales fled the jurisdiction by moving to California. The fugitive from justice doctrine authorizes dismissal of his appeal. If counsel for Mr. Rosales–Gonzales wishes to invoke the *Ortiz* exception, he bears the burden of establishing deportation to invoke the exception to the rule. *See State v. Knapp,* 54 Wn. App. 314, 773 P.2d 134, *review denied,* 113 Wn.2d 1022 (1989) for discussion of an analogous situation.

Counsel for Mr. Rosales–Gonzales further contends this court should accept discretionary review of the merits on appeal. *State v. Rempel,* 114 Wn.2d 77, 785 P.2d 1134 (1990). However, in *Rempel,* the court strongly affirmed the general rule, stressing a defendant who has fled the jurisdiction should not be entitled to review, having scorned the court's authority over him. *Rempel,* at 80 (citing *Ortiz,* at 34). We decline review on the merits.

It is customary to give the defendant a specified time in which to report before the appeal is dismissed. *Handy,* at 471; *see also Johnson,* at 94, 97–98. The appeal in this case will be dismissed 30 days from the date this opinion is filed,

unless before that time the appellant returns and delivers himself into custody, or his deportation is established.

GREEN, A.C.J., and THOMPSON, J., concur.