[No. 12901-2-III.   Division Three.   November 15, 1994.]

*In the Matter of the Personal Restraint of* LLOYD SAYWARD, *Petitioner.*

*James J. Barlow*, for petitioner.

*John D. Knodell, Prosecuting Attorney*, for respondent.

SCHULTHEIS, J. — Lloyd Sayward seeks relief from personal restraint imposed as a result of his plea of guilty to one count of delivery of a controlled substance, cocaine. He contends the court erred by sentencing him to 1 year of community placement in addition to his prison term because the mandatory community placement was a direct consequence that should have been disclosed before he entered the plea. He concludes he is entitled to specific performance of the plea agreement and asks this court to strike the order requiring community placement.

A threshold issue before this court is whether we should dismiss the petition without consideration because Mr. Sayward has fled the court's jurisdiction. It is the general rule in this state that a convicted person who flees the court's jurisdiction while appeal is pending waives the right to pursue the appeal. *State v. Johnson*, 105 Wn.2d 92, 97, 711 P.2d 1017 (1986); *State v. Rosales-Gonzales*, 59 Wn. App. 583, 584, 799 P.2d 756 (1990). It is customary to give the appellant a specified time in which to report before the appeal is dismissed. *State v. Handy*, 27 Wash. 469, 67 P. 1094 (1902); *Rosales-Gonzales*, at 585; *see also Johnson*, at 94, 97-98.

In *State v. Moore*, 73 Wn. App. 805, 871 P.2d 1086 (1994) Division Two consolidated nine appeals with two personal restraint petitions (PRP's), one of which was Daniel Huffs. The court remanded Mr. Huffs PRP for vacation of the judgment against him, with the following note:

> Huffs lawyer has informed this court that he cannot locate Huff and that the Department of Corrections has placed Huff on "abscond status". If Huff is indeed avoiding the jurisdiction of this court, he has waived his right to pursue his petition. *See State v. Johnson*, 105 Wn.2d 92, 97, 711 P.2d 1017 (1986). In the absence of documentation regarding these allegations, we remand to the trial court for the determination of Huffs current status and such other further action the trial court deems appropriate. This may include allowing Huff a specified time in which to report to avoid dismissal of the petition. *State v. Rosales-Gonzales*, 59 Wn. App. 583, 585, 799 P.2d 756 (1990).

*Moore*, at 817 n.6.

We agree with Division Two that this doctrine applies in the context of a PRP. Mr. Sayward's "abscond status" is documented. On November 17, 1993, Mr. Sayward was released from confinement to community placement status. On November 23, 1993, he signed a document entitled Community Placement Conditions, Requirements and Instructions. He agreed to report to the Department of Corrections (DOC) office in Kennewick the first and third Tuesday of each month, to notify his supervisor before any change of address, and to make monthly financial obligation payments. Mr. Sayward has not reported since May 19, 1994. The DOC was informed by Mr. Sayward's sister in June that he moved out of his home on May 29, 1994, and she does not know where he is staying. On July 28 a bench warrant was issued for his arrest for failure to appear to answer allegations he violated conditions of community placement. On September 16 a second bench warrant was issued for the same reason.

This petition will be dismissed 30 days from the date this opinion is filed, unless before that time Mr. Sayward returns and delivers himself into custody.

THOMPSON, C.J., and MUNSON, J., concur.