[No. 12970-5-III.    Division Three.    June 29, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTONIO
G. ESTRADA, *Appellant*.

*Paul J. Wasson*, for appellant.

*Jerald R. Hamley, Deputy Prosecuting Attorney*, for respondent.

SWEENEY, A.C.J. — In 1984 a jury convicted Antonio Estrada of vehicular homicide. Before judgment and sentence were entered, Mr. Estrada fled the state. Eight years later, he was arrested. Judgment and sentence were entered on December 4, 1992. Mr. Estrada appealed on December 18, 1992, asserting trial court error. The dispositive issue is whether Mr. Estrada waived his right to appeal by fleeing the jurisdiction before judgment and sentence, but after the conviction was entered. We hold that he did and affirm.

## DISCUSSION

■ It is well settled that one who flees the court's jurisdiction while an appeal is pending waives his or her right to pursue the appeal. *State v. Johnson*, 105 Wn.2d 92, 97, 711 P.2d 1017 (1986). The State urges that this same reasoning should apply when a defendant flees the jurisdiction following his or her conviction but prior to the entry of judgment and sentence. It relies on several federal decisions.

A defendant who withdraws himself from the power of the court "withdraws the questions which he had submitted to the Court's adjudication". *Eisler v. United States*, 338 U.S. 189, 192, 93 L. Ed. 1897, 69 S. Ct. 1453 (1949) (Frankfurter, J., dissenting). In *Molinaro v. New Jersey*, 396 U.S. 365, 366, 24 L. Ed. 2d 586, 90 S. Ct. 498 (1970), the Court observed there was no reason to "adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction". An escape "disentitles the defendant to call upon the resources of the Court for determination of his claims". *Molinaro*, 396 U.S. at 366; *State v. Rosales-Gonzales*, 59 Wn. App. 583, 584, 799 P.2d 756 (1990) (" 'having scorned the court's authority over him, the fugitive is deemed "disentitled" to appellate action' " (quoting *State v. Ortiz*, 113 Wn.2d 32, 34, 774 P.2d 1229 (1989)).

In *United States v. Holmes*, 680 F.2d 1372 (11th Cir.

1982), *cert. denied*, 460 U.S. 1015 (1983), the defendant fled after the conviction but before sentencing and before a notice of appeal was filed. The court held that the defendant waived the right to appeal from the conviction, unless, upon his return, he can establish the absence was due to matters completely out of his control. *See also United States v. Persico*, 853 F.2d 134, 137 (2d Cir. 1988) (court declines to reach merits of the claimed trial error when defendant absconded after his conviction but before sentencing even if defendant was recaptured before bringing an appeal; "fugitive deserves no credit for the recapture that brings him back before the court").

In *Persico*, the court articulated three factors which weigh in favor of dismissing an appeal filed after a defendant has been recaptured. First, the defendant has demonstrated disrespect for the judicial process. *Persico*, at 138. Second, declining to consider claims of former fugitives "tend[s] to discourage escape and promote the orderly operation of the judicial processes within which defendants should press their claims". *Persico*, at 138. Third, if a defendant has remained a fugitive for an extended time, there is a possibility the prosecution will be prejudiced— "[i]t would be unconscionable to allow such a defendant to benefit from the delay by forcing the government to reprosecute him long after memories have dimmed and evidence has been lost". *Persico*, at 138.

The court in *United States v. Puzzanghera*, 820 F.2d 25, 26 (1st Cir.), *cert. denied*, 484 U.S. 900 (1987), observed that escape, pursuit, and recapture put the government and the taxpayers to considerable expense, and, in addition, "[i]n escaping, appellant has demonstrated his contempt for the judicial system of which the appellate court is one part". Merely because a defendant is recaptured does not mean that he or she regains the right to review that was earlier forfeited. *Puzzanghera*, at 26; *see also United States v. Holmes, supra* at 1374 (right of appeal may be waived by abandonment which postpones filing a notice of appeal for years after conviction; such

untimeliness makes a meaningful appeal impossible since government would be prejudiced in locating witnesses and retrying the case).

In our state, a party generally has 30 days after entry of a trial court's decision to file an appeal. RAP 5.2(a). Allowing Mr. Estrada 8 years and 30 days to seek appellate review of his 1984 conviction would grant him, and ultimately all defendants who abscond, unilateral power to extend the 30-day filing deadline. Those defendants who do not abscond would face a far more restrictive time frame. We adopt the rationale and holding of *Persico*.

By fleeing the court's jurisdiction, Mr. Estrada thwarted the orderly, effective administration of the judicial process. He has waived his right to appeal the 1984 jury conviction. In light of our holding we do not address Mr. Estrada's arguments which relate to trial court error.

The conviction is affirmed.

MUNSON and SCHULTHEIS, JJ., concur.